1  Kelly McCarthy Sutherland, Esq. #168222
   LOMBARDO & GILLES, LLP
2  318 Cayuga Street
   Salinas, California 93901
3  Telephone: 831.754.2444
   Facsimile: 831.754.2011
4
   Attorneys for Plaintiffs
5  ASA Farms, Inc. and Braga Ranch

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10  ASA FARMS, INC., a California corporation and    ) Case No.
    BRAGA RANCH,                                     )
11                                                   )    C08   00122PVT
                      Plaintiffs,                    )
12                                                   )  **MEMORANDUM OF POINTS AND**
                                                     )  **AUTHORITIES IN SUPPORT**
13  v.                                               )  **OF EX PARTE MOTION FOR**
                                                     )  **TEMPORARY RESTRAINING**
14  FRESH 'N HEALTHY, INC., a Delaware               )  **ORDER AND PRELIMINARY**
    corporation, MARK WILLIAMS, an individual;       )  **INJUNCTION**
15  JACK PARSON, an individual; STEVEN               )
    CINELLI, an individual; CHAD HAGEN, an           )
16  individual, SANTOS MARTINEZ, an individual;      )
    DON BEAM, an individual; DARRYL                  )
17  NICHOLSON, an individual; RICHARD MAY,           )
    an individual;  THOMAS COLOGNA, an               )
18  individual; PRESTWICK PARTNERS, LLC, a           )
    California limited liability company; SOLSTICE   )
19  VENTURE PARTNERS, LLC, a business entity         )
    form unknown; VFINANCE INVESTMENTS, a            )
20  business entity form unknown; FMP                )
    VINEYARD, LLC, a New Mexico limited              )
21  liability company;  BUTTONWOOD OPTION,           )
    LLC, a business entity form unknown; DW, LLC,    )
22  a business entity form unknown; M SOLAZZO        )
    TRUST 2002; P. SOLAZZO 1998; GIBBONS             )
23  FAMILY TRUST; BIXLER TRUST;                      )
    STEIGERWALD TRUST and CARTER TRUST,              )
24  and DOES 1 through 50, inclusive,                )
                                                     )
25                    Defendants.                    )
                                                     )
26  _____)

27

28  _____
    ASA Farms, Inc. v. Fresh 'N Healthy, Inc. et al
    Case No.
    MPA in Support of TRO

                                1

*(stamp)* FILED
2008 JAN -8  A 11: 20
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

*(stamps: ADR, E-FILING)*

1
2

## I.

3

## INTRODUCTION

4    Plaintiffs are engaged in the business of producing, buying and selling wholesale

5    quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

6    Defendant Fresh 'N Healthy, Inc. ("Fresh") is a Delaware corporation with its principal

7    place of business in Gilroy, California and was and is at all times pertinent hereto, a dealer and

8    commission merchant of Produce and subject to the provisions of the Perishable Agricultural

9    Commodities Act ("PACA").

10    Defendants MARK WILLIAMS, an individual; JACK PARSON, an individual;

11    STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an

12    individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD

13    MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC,

14    a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business

15    entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP

16    VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION,

17    LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M

18    SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER

19    TRUST; STEIGERWALD TRUST and CARTER TRUST are the officers, directors and/or

20    shareholders who, in that capacity, controlled the assets of Fresh at all times.

21    Plaintiffs seek an ex parte temporary restraining order enjoining all Defendants from

22    dissipating the assets of the PACA trust which Fresh holds in favor of Plaintiffs. The statutory

23    trust arises under the PACA, 7 U.S.C. §499e(c) and the regulations issued pursuant thereto, 7

24    CFR Part 46. The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(5) (i) and 28

25    U.S.C. §1331.

26    //

27    //

28

2

ASA Farms, Inc. v. Fresh 'N Healthy, Inc. et al
Case No.
MPA in Support of TRO

## II.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This case arises out of a series of produce sales under PACA.  Plaintiffs seek ex parte relief against Fresh under the Complaint, which alleges that Fresh has failed to pay for its purchases of produce from Plaintiffs. Between November 9, 2007 and December 28, 2007, in a series of transactions, Plaintiff ASA Farms, Inc. sold to Fresh in interstate commerce, Three Hundred Two Thousand Seven Hundred Fifty Six and Eighty Four Cents ($302,756.84) worth of produce. Braga Decl.,[1] ¶4. Each invoice stated the payment terms and that the transaction was subject to PACA. Braga Decl., ¶¶5, 7. Fresh failed to pay as required. Braga Decl., ¶6.

Between November 9, 2007 and December 28, 2007, in a series of transactions, Plaintiff Braga Ranch sold to Fresh in interstate commerce, Sixteen Thousand Two Hundred Fourteen Dollars and Seventy Six Cents ($16,214.76) worth of produce.  Braga Decl., ¶8. Each invoice stated the payment terms and that the transaction was subject to PACA.  Braga Decl., ¶¶9, 11. Fresh failed to pay as required. Braga Decl., ¶10.  Fresh has not paid Plaintiffs for the produce it purchased from Plaintiffs, despite Plaintiffs' numerous requests for such payment. Braga ¶¶13, 14.

There is strong evidence that Fresh's financial difficulties have caused it to dissipate the PACA trust assets in favor of other creditors.  Fresh's Human Resources Director indicated on or about January 2, 2008 that Comerica Bank had pulled Fresh's line of credit and that Fresh would be ceasing operations.  Braga ¶15.

## III.

## ARGUMENT

### A.    The PACA Trust

The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the

---

[1] Declaration of Rodney Braga in Support of Motion for Temporary Restraining Order (" Braga Decl."), filed herewith.

ASA Farms, Inc. v. Fresh 'N Healthy, Inc. et al
Case No.
MPA in Support of TRO

marketing of fruits and vegetables in interstate and foreign commerce", and it "provides a code of fair play ... and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg. at 45737.

In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing a **statutory trust** on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2); *Frio Ice, S.A. v. Sunfruit, Inc.* 918 F.2d 154 (11th Cir. 1990).

The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who provided the commodities until full payment has been made. *Id.* The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is prohibited. 7 C.F.R. §46.46(d)(1). Dissipation of trust assets, defined as any act or failure to act which could result in the diversion of trust assets or which could impair a seller's right to obtain payment, 7 CFR §46.46(a)(2), is forbidden. 7 CFR §46.46(d)(1).

**B.    Entitlement To Temporary Restraining Order Without Notice**

Rule 65 (b) of the Federal Rules of Civil Procedure sets forth the standard under which a temporary restraining order may be issued without notice:

> A temporary restraining order may be grated without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in

4

ASA Farms, Inc. v. Fresh 'N Healthy, Inc. et al
Case No.
MPA in Support of TRO

1  opposition, and (2) the applicant's attorney certifies to the court in writing
2  the efforts, if any, which have been made to give the notice and the reasons
   supporting the claim that notice should not have been required.

3  In this case, the Braga Decl. states that : "Fresh's Human Resources Director indicated on or

4  about January 2, 2008 that Comerica Bank had pulled Fresh's line of credit and that Fresh

5  would be ceasing operations."  All of this evidence indicates that Defendant Fresh is in severe

6  financial jeopardy and that the PACA trust assets are being threatened with dissipation. *Frio Ice*

7  *S.A. v. Sunfruit, Inc.* 918 F.2d 154 (11th Cir. 1990).

8  The giving of notice will only provide Defendant Fresh with advance warning that an

9  order may be entered, thereby giving time to Defendant to further dissipate trust assets by paying

10  personal liabilities or non-trust creditors prior to the entry of the order.  Thus, a further loss of

11  trust assets would result if there is notice.  Since it is all but impossible to recover trust assets

12  once there has been dissipation (*see* H.R. Rep. No. 543, 98th Cong., 2d Sess. 3-4, *reprinted in*

13  1984 U.S. Code Cong. & Admin. News 405, 406-07 (House Report); *J.R. Brooks & Son, Inc. v.*

14  *Norman's Country Market, Inc.* 98 B.R. 47, 50 (Bkrtcy, N.D. Fla. 1989)), the loss to Plaintiffs

15  and other trust creditors would be irreparable.  *Continental Fruit v. Thomas J. Gatziolis & Co.*

16  774 F. Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co, Inc. v. Jordan Produce Co, Inc.* 751

17  F.Supp. 64 (W.D.Pa. 1990)

18  Furthermore, a prompt hearing will be held on Plaintiff's motion for preliminary

19  injunction and Fresh can file an immediate application to dissolve the temporary restraining

20  order under Rule 65(b).

21  Case law supports Plaintiffs' entitlement to an immediate injunction requiring non-

22  dissipation of trust assets when the produce supplier is not paid. *Frio Ice S.A. v. Sunfruit, Inc.*

23  *supra*, p. 159 ("Upon a showing that the trust is being dissipated or threatened with dissipation,

24  a district court should require the PACA debtor to escrow its proceeds from produce sales,

25  identify its receivables and inventory its assets."). *See also Tanimura & Antle v. Packed Fresh*

26  *Produce* 222 F.3d 132 (3rd Cir. 2000); *Wishnatski & Nathel v. H.P. Island Wide* 2000 U.S. Dist.

27

28  
5

ASA Farms, Inc. v. Fresh 'N Healthy, Inc. et al
Case No.
MPA in Support of TRO

1  Lexis 15664 (Dist. Ct. S.D. N.Y., 2000) (TRO granted because plaintiffs demonstrated an

2  "imminent danger of dissipation.").

3      Furthermore, Plaintiffs have met the standard for granting injunctive relief in the Ninth

4  Circuit which requires the moving party to show: (1) a strong likelihood of success on the

5  merits; (2) irreparable harm if the relief is not granted; (3) that the threatened injury to the

6  movant outweighs whatever damage the proposed injunction may cause to the opposing party;

7  and (4) the issuance of an injunction will not be adverse to the public interest. *Regents of*

8  *University of California v. ABC, Inc.* 747 F.2d 511 (9th Cir. 1984); *Los Angeles Memorial*

9  *Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980);

10      **1.    Likelihood of Success on the Merits.**

11      Plaintiffs' declaration demonstrates that Plaintiffs are owed for non-payment of produce

12  and have properly preserved this trust claim as required under the PACA and implementing

13  regulations. Fresh has no defenses to these claims under the PACA. Accordingly, Plaintiffs will

14  almost certainly prevail in any hearing on the merits of its claim.

15      **2.    Irreparable Harm.**

16      In cases interpreting the rights of PACA creditors, courts in other jurisdictions have

17  recognized that without injunctive relief, Plaintiffs faced with an insolvent debtor will not

18  receive either the trust assets or the proceeds of such assets. See *Gullo Produce, supra*, 751 F.

19  Supp. at 67. This has been found to constitute irreparable harm. *Id*; *see also Frio Ice, supra*, at

20  159 ("[t]he legislative history [of PACA] noted that once the trust is dissipated, it is almost

21  impossible for the beneficiary to obtain recovery"). A moving party need only show actual

22  dissipation <u>or</u> the threat of dissipation of the PACA trust in order to obtain injunctive relief and

23  a segregation of the trust proceeds. *Frio Ice, supra* 918 F.21d at 159, n.8.

24      In the instant case, injunctive relief will force Fresh to cease dissipation of the PACA

25  trust, prevent non-trust creditors from obtaining trust assets ahead of the trust's beneficiaries as

26  well as other produce creditors not entitled to remedies under the PACA, and require Fresh to

27  return the trust to a fully-funded level sufficient to satisfy the claims of qualified beneficial

28
ASA Farms, Inc. v. Fresh 'N Healthy, Inc. et al
Case No.
MPA in Support of TRO

1  interests in full.  In short, it will force Fresh to comply with the law.  Because it is virtually
2  impossible to recover trust assets once they have been dissipated, the loss to Plaintiffs and other
3  trust creditors is irreparable.

4    **3.    Balancing of Harm.**

5  Fresh cannot be harmed by the issuance of an injunction because the relief Plaintiffs seek
6  is merely to force Fresh to comply with its pre-existing obligations under federal law – that is, to
7  preserve the PACA trust assets for the benefit of PACA beneficiaries and make "full payment
8  promptly" on all produce related invoices.  On the other hand, the risk of harm to Plaintiffs is
9  great if Fresh is allowed to further dissipate trust assets.  As stated above, numerous courts have
10 recognized the fact that once the PACA trust assets are dissipated, an unpaid trust claimant in
11 Plaintiffs' position is extremely unlikely to recover any portion of its beneficial interest in the
12 trust, a result at odds with the express purpose of the trust.

13   **4.    Public Interest.**

14 The strong preference for PACA trust creditors which Congress expressed in the 1984
15 trust amendments to the PACA clearly demonstrate the public interest at stake in this case.
16 These safeguards were established in order to assure payment to the producers of perishable
17 agricultural products.  There can scarcely be a more vital public concern than the economic
18 security of this nation's food supply.  This supply and distribution chain consists of the very
19 same growers, producers and distributors which Congress sought to protect by enacting this
20 legislation.  To deny Plaintiffs the requested relief would be to erode the protection Congress
21 guaranteed these parties by passing the PACA and the regulations promulgated thereunder.
22 Therefore, the requested injunction is clearly in the public interest.

23 The instant claim for relief meets each of these tests, and accordingly, Plaintiffs' motion
24 should be granted in all respects.

25 //

26 //

27 //

28

7

ASA Farms, Inc. v. Fresh 'N Healthy, Inc. et al
Case No.
MPA in Support of TRO

1

## IV.

2

## CONCLUSION

3      For the foregoing reasons, Plaintiffs respectfully submit that their Ex-Parte Motion for

4   Temporary Restraining Order and Motion for Preliminary Injunction enjoining Defendant Fresh

5   'N Healthy, Inc. from dissipating PACA trust assets should be granted.

6   Dated: January ___7___ , 2008

7                                          LOMBARDO & GILLES, LLP

8

9                              By: _Kelly Sutherland_

10                                     Kelly McCarthy Sutherland
                                       Attorneys for Plaintiffs
11                                     ASA Farms, Inc., and Braga Ranch

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ASA Farms, Inc. v. Fresh 'N Healthy, Inc. et al
Case No.
MPA in Support of TRO