1  Kelly McCarthy Sutherland, Esq., #168222
   LOMBARDO & GILLES, LLP
2  318 Cayuga Street
   Salinas, California 93901
3  Telephone: 831.754.2444
   Facsimile: 831.754.2011
4
   Attorneys for Plaintiffs
5  ASA Farms, Inc. and Braga Ranch

*ADR*   *E-FILING*

FILED

2008 JAN -8  A 11: 20

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No. **C 08 00122 PVT**<br><br>ATTORNEY CERTIFICATION WHY NOTICE SHOULD NOT BE GIVEN<br><br>RULE 65(b) |

---
ASA Farms v. Fresh 'n Healthy, et al.
Attorney Certification
USDC Case No.

1

1. The undersigned represents Plaintiffs in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act (PACA), 7 USC §499e(c).

Notice of this motion should not be required because notice will afford Defendant Fresh 'N Healthy, Inc. ("Fresh") an opportunity to dissipate trust assets that are required by statute to be held for the benefit of the Plaintiffs, who are PACA trust creditors of Defendants.

Defendants are under a statutory duty to pay promptly for produce from the PACA trust. Defendants have failed to pay. In addition:

1. Upon information and belief, Fresh has had its line of credit pulled by Comerica Bank; and

2. Fresh is no longer operating.

All of the above evidence demonstrates that Defendant Fresh is experiencing serious financial problems and that Defendants may have insufficient funds to pay Plaintiffs' claims in full. Therefore, advising Defendant Fresh of the pendency of this motion will allow Defendants to make payments of trust assets in their possession to non-trust debts. Once the trust assets are dissipated, it is all but impossible to recover them. H.R. Rep. No. 543, 98th Cong. 2d Sess. 3-4 (1983), reprinted in 1984 US Code & Admin. News 405, 411. See also *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989). Entry of an ex-parte temporary restraining order guarantees the performance of this statutory duty and prevents **any** further dissipation pending further hearing, which can be set as soon as possible.

Dated: January 7, 2008

LOMBARDO & GILLES, LLP

By: *Kelly Sutherland*
Kelly McCarthy Sutherland
Attorneys for Plaintiffs
ASA Farms, Inc., and Braga Ranch

---

ASA Farms v. Fresh 'N Healthy, et al.
Attorney Certification
Case No.

2