**E-Filed 1/10/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC. A Delaware corporation, et al.,<br><br>Defendant. | Case Number C08-00122 JF<br><br>ORDER[1] DENYING EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 2] |

ASA Farms, Inc. and Braga Ranch ("Plaintiffs") allege that Fresh 'N Healthy, Inc. ("Fresh") owes them $302,756.84 for produce purchased in a series of transactions between November 9, 2007 and December 28, 2007. Plaintiffs request a temporary restraining order ("TRO") and preliminary injunction enjoining Fresh from dissipating the assets of a Perishable Agricultural Commodities Act ("PACA") statutory trust. Plaintiffs have not given notice of this request.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 08-00122
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

1  *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D.
2  Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320,
3  1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show
4  either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the
5  existence of serious questions going to the merits and the balance of hardships tipping in the
6  movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc.
7  v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two
8  points on a sliding scale in which the required degree of irreparable harm increases as the
9  probability of success decreases. *Roe*, 134 F.3d at 1402.

10        A TRO may be issued without notice to the adverse party *only if* "(1) it clearly appears
11  from specific facts shown by affidavit or by the verified complaint that immediate and irreparable
12  injury, loss, or damage will result to the applicant before the adverse party or that party's attorney
13  can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the
14  efforts, if any, which have been made to give the notice and the reasons supporting the claim that
15  notice should not be required." Fed. R. Civ. P. 65(b). Moreover, in this district an applicant for
16  a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause
17  shown." Civ. L.R. 65-1(b).

18        Plaintiffs argue that they are entitled to a TRO without notice because "[t]he giving of
19  notice will only provide Defendant Fresh with advance warning that an order may be entered
20  thereby giving time to Defendant to further dissipate trust assets by paying personal liabilities or
21  non-trust creditors prior to the entry of the order." Ex Parte Motion for TRO and Preliminary
22  Injunction at 5. However, Plaintiffs do not allege any facts in support of this conclusory
23  statement.

24        Plaintiffs assert that the trust is likely to be dissipated because Fresh's human resources
25  director informed them that Comerica Bank recently has suspended Fresh's line of credit and that
26  consequently Fresh soon will cease operations. Braga Declaration ¶ 15. Standing alone, this
27  allegation does not demonstrate a likelihood that Fresh would accelerate disbursing the trust to
28

2

1  creditors other than Plaintiffs if it were given notice of the request for a TRO.[2]  Because Plaintiffs
2  have not shown that providing notice would cause immediate and irreparable injury, their request
3  for a TRO is denied without prejudice to reconsideration after notice has been given.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Plaintiffs' application for a TRO is DENIED without prejudice;
2. Plaintiff's motion for preliminary injunction is set for hearing on January 18, 2008 at 9:00am.  Each party may file a brief in support of or in opposition to the motion for preliminary injunction not to exceed fifteen (15) pages in length, on or before January 15, 2008.

DATED: January 10, 2008

_____
JEREMY FOGEL
United States District Judge

---

[2] Plaintiffs also cite a number of cases recognizing that it is difficult to recover trust assets once they have been dissipated.  *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *Cont'l Fruit v. Thomas J. Gatziolis & Co.*, 774 F. Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.*, 751 F. Supp. 64 (W.D. Pa. 1990); *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989.  Notably, in none of these cases did the Court grant a TRO prior to notice, rather,  defendants were provided an opportunity to be heard.

1  This Order has been served upon the following persons:

Kelly McCarthy Sutherland    kelly@lomgil.com

James Washburn Sullivan    jim@lomgil.com

Case No. C 08-00122
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)