NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC. A Delaware corporation, et al.,<br><br>Defendant. | Case Number C08-00122 JF<br><br>ORDER[1] DENYING EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 2] |

ASA Farms, Inc. and Braga Ranch ("Plaintiffs") allege that Fresh 'N Healthy, Inc. ("Fresh") owes them $302,756.84 for produce purchased in a series of transactions between November 9, 2007 and December 28, 2007. Plaintiffs request a temporary restraining order ("TRO") and preliminary injunction enjoining Fresh from dissipating the assets of a Perishable Agricultural Commodities Act ("PACA") statutory trust. Plaintiffs have not given notice of this request.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction.

---

[1] This disposition is not designated for publication and may not be cited.

*Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

A TRO may be issued without notice to the adverse party *only if* "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown." Civ. L.R. 65-1(b).

Plaintiffs argue that they are entitled to a TRO without notice because "[t]he giving of notice will only provide Defendant Fresh with advance warning that an order may be entered thereby giving time to Defendant to further dissipate trust assets by paying personal liabilities or non-trust creditors prior to the entry of the order." Ex Parte Motion for TRO and Preliminary Injunction at 5. However, Plaintiffs do not allege any facts in support of this conclusory statement.

Plaintiffs assert that the trust is likely to be dissipated because Fresh's human resources director informed them that Comerica Bank recently has suspended Fresh's line of credit and that consequently Fresh soon will cease operations. Braga Declaration ¶ 15. Standing alone, this allegation does not demonstrate a likelihood that Fresh would accelerate disbursing the trust to

creditors other than Plaintiffs if it were given notice of the request for a TRO.[2]  Because Plaintiffs have not shown that providing notice would cause immediate and irreparable injury, their request for a TRO is denied without prejudice to reconsideration after notice has been given.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Plaintiffs' application for a TRO is DENIED without prejudice;
2. Plaintiff's motion for preliminary injunction is set for hearing on January 18, 2008 at 9:00am.  Each party may file a brief in support of or in opposition to the motion for preliminary injunction not to exceed fifteen (15) pages in length, on or before January 15, 2008.

DATED: January 10, 2008

_____
JEREMY FOGEL
United States District Judge

---

[2] Plaintiffs also cite a number of cases recognizing that it is difficult to recover trust assets once they have been dissipated. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *Cont'l Fruit v. Thomas J. Gatziolis & Co.*, 774 F. Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.*, 751 F. Supp. 64 (W.D. Pa. 1990); *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989.  Notably, in none of these cases did the Court grant a TRO prior to notice, rather,  defendants were provided an opportunity to be heard.

Case No. C 08-00122
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

1  This Order has been served upon the following persons:
2
3  Kelly McCarthy Sutherland    kelly@lomgil.com
   James Washburn Sullivan     jim@lomgil.com
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4
Case No. C 08-00122
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND
SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)