1  STEPHEN T. O'NEILL (115132)
   ROBERT A. FRANKLIN (091653)
2  MURRAY & MURRAY
   A Professional Corporation
3  19400 Stevens Creek Blvd., Suite 200
   Cupertino, CA 95014-2548
4  Telephone: (650) 852-9000; (408) 907-9200
   Facsimile: (650) 852-9244
5  Email: soneill@murraylaw.com
   Email: rfranklin@murraylaw.com
6

7  Attorneys for Defendant Fresh 'N Healthy, Inc.
   (Specially Appearing)
8

9                    **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11  ASA FARMS, INC., a California            )
    corporation and BRAGA RANCH,             )   Case No. C08-00122 PVT
12                                           )
              Plaintiff(s).                  )   **RESPONSE TO MOTION FOR PRELIMINARY**
13                                           )   **INJUNCTION AND OBJECTION TO FORM OF**
         v.                                  )   **ORDER**
14                                           )        (SPECIALLY APPEARING)
    FRESH 'N HEALTHY, INC., a Delaware       )
15  corporation, MARK WILLIAMS, an           )
    individual; JACK PARSON, an individual;  )
16  STEVEN CINELLI, an individual; CHAD      )
    HAGEN, an individual, SANTOS             )
17  MARTINEZ, an individual; DON BEAM,       )
    an individual; DARRYL NICHOLSON, an      )
18  individual; RICHARD MAY, an individual;  )
    THOMAS COLOGNA, an individual;           )
19  PRESTWICK PARTNERS, LLC, a               )
    California limited liability company;    )
20  SOLSTICE VENTURE PARTNERS, LLC,          )
    a business entity form unknown;          )
21  VFINANCE INVESTMENTS, a business         )
    entity form unknown; FMP VINEYARD,       )
22  LLC, a New Mexico limited liability      )
    company; BUTTONWOOD OPTION, LLC,         )
23  a business entity form unknown; DW, LLC, )
    a business entity form unknown; M        )
24  SOLAZZO TRUST 2002; P. SOLAZZO           )
    1998; GIBBONS FAMILY TRUST;              )
25  BIXLER TRUST; STEIGERWALD TRUST          )
    and CARTER TRUST, and DOES 1 through     )
26  50, inclusive,                           )
                                             )
27            Defendant(s).                  )
    _____     )
28

RAF: icj/pt                                              1  RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION
K:\Fresh 'n Healthy\Pld\ASA\Pld\RespPrelimInj-v5.doc        AND OBJECTION TO FORM OF ORDER

**RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION AND OBJECTION TO FORM OF ORDER**

TO THE HONORABLE JEREMY FOGEL, UNITED STATES DISTRICT JUDGE:

Defendant Fresh 'N Healthy, Inc. ("Fresh" or "Defendant") hereby specially appears and submits its RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION AND OBJECTION TO FORM OF ORDER (the "Response").

Plaintiffs ASA Farms and Braga Farms ("Plaintiffs") brought its motion to impose a preliminary injunction against Fresh pursuant to Federal Rule of Civil Procedure 65. They allege that Defendant has outstanding debts to Plaintiffs that are subject to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA"). Plaintiffs allege that it is entitled to a trust on amounts constituting PACA products and proceeds, that said amounts are subject to dissipation, and that Defendant should be enjoined from dissipating such assets. Without prejudice to any of its claims, rights or defenses, Defendant consents to the entry of an order granting a preliminary injunction. However, the proposed preliminary injunction submitted by Plaintiffs is overbroad and contains findings that are extraneous to the order or which are unsupported by the evidence presented and which are disputed by the Defendant.

First, the initial findings are not supported by the evidence or are disputed by Defendant. There are insufficient facts alleged to support the conclusion that Fresh is in financial jeopardy and that the PACA trust assets have been dissipated or are being threatened with dissipation. There are also insufficient facts alleged to support the conclusion that dissipation of PACA assets has occurred or will continue in the absence of injunctive relief. Defendant disputes the amount alleged to be owed as well. In view of Defendant's consent to the entry of the Preliminary Injunction, the findings are unnecessary and should be stricken.

Second, the scope of paragraph 1 of the Proposed Preliminary Injunction exceeds the authority permitted under 7 U.S.C. § 499e(c)(2). 7 U.S.C. § 499e(c)(2) states:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in

the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. . . .

Plaintiffs have cited no legal authority authorizing the imposition of a trust on non-PACA assets or shifting the burden to the defendant to show the assets are non-PACA assets. The express language of the statute limits PACA assets to perishable agricultural commodities, food products and the receivables or proceeds from such sale. The statute does not state that non-PACA assets such as machinery, equipment, or intellectual property may be enjoined from being transferred, assigned, or sold by Fresh. Similarly, the language does not require Fresh to prove that assets are not PACA assets. Thus, the blanket restraint and shifting of the burden of proof proposed in paragraph 1 against the transfer, assignment or sale of any and all assets of Fresh exceeds the scope of authority under PACA.

Third, the language in paragraph 3 of the Proposed Preliminary Injunction following the word "bond" is unnecessary, its substance is disputed, and it should be stricken as extraneous. Whether Fresh owes $318,971.60 of PACA assets is a question of fact at this point, it should not be stated as a finding.

Finally, the Proposed Preliminary Injunction includes among the persons to be enjoined "banking institutions." Defendant has no control over its banking institutions and said institutions are not a party to the case. Thus, the reference to "banking institutions" should be stricken.

For the foregoing reasons, the Proposed Preliminary Injunction submitted by Plaintiffs should not be entered. Instead, Defendant consents to the entry of a Preliminary Injunction as proposed in **Exhibit "A"** hereto.

Dated:  January 21, 2008

**MURRAY & MURRAY**
A Professional Corporation

By:  */s/ Robert A. Franklin*
    Robert A. Franklin
    Attorneys for Defendant Fresh 'N Healthy
    (Specially Appearing)