Kelly McCarthy Sutherland, Esq., #168222
J. Kenneth Gorman, Esq., #102293
LOMBARDO & GILLES, LLP
318 Cayuga Street
Salinas, California 93901
Telephone: 831.754.2444
Facsimile: 831.754.2011

Attorneys for Plaintiffs
ASA Farms, Inc. and Braga Ranch

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>      Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No. C08-00122JF<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO APPLICATION FOR TRO/PRELIMINARY INJUNCTION** |

1

*ASA Farms v. Fresh 'N Healthy, et al*
Case No. C08-00122 JF
Plaintiff's Reply to Opposition to Application for
TRO/Preliminary Injunction

Defendants stipulate to the granting of a preliminary injunction but on terms different than those proposed by Plaintiffs. Their objections are that:

1. The initial findings are not supported by the evidence or are disputed by the Defendant (pg. 2, ln. 16);

2. There are insufficient facts to support the conclusion that Defendant is in financial jeopardy and that the assets are being dissipated or threatened with dissipation (pg. 2, lns. 17 – 18);

3. There are insufficient facts alleged to support the conclusion that dissipation of assets has or will continue to occur without an injunction (pg. 2, lns. 18 – 19, and 20); and

4. Defendant disputes the amount owed (pg. 2, lns. 20 – 21).

Plaintiffs want "unnecessary" findings stricken because of the stipulation (pg. 2, lns. 21 – 22).

Defendants also assert that there is no authority for imposing a trust on non-PACA assets (pg. 3, ln. 3) or shifting the burden to show that assets are non-PACA (pg. 3, ln. 4). Defendants also object to an injunction against the banking institutions because they have no control over them and the banks are not a party (pg. 3, ln. 16 – 18).

Plaintiffs disagree with the above.

*Lack of Contrary Evidence*

Defendants do not submit any declarations or other documentary evidence refuting any of Plaintiffs' assertions. They have had several days to do so. The assertions of counsel are not evidence. Mere statements that the claims of Plaintiffs are disputed is not sufficient to rebut Plaintiffs' declaration or put the matters in dispute.

*Evidence of Financial Jeopardy and Trust Fund Dissipation*

No part of the PACA statute requires that the Plaintiff must establish that the Defendant is in financial jeopardy for the statutes to apply.

2

*ASA Farms v. Fresh 'N Healthy, et al.*
Case No. C08-00122 JF
Plaintiff's Reply to Opposition to Application for
TRO/Preliminary Injunction

1   While the statement Mr. Braga attributed to the lender is hearsay, it is also unrefuted and confirms the inference of financial trouble raised by the fact that Defendants have not paid over $300,000 owed to Plaintiffs.

While perhaps not rising to the level of an evidentiary presumption, the fact Defendants' assertions are being raised by specially appearing bankruptcy counsel does not inspire confidence in Defendants' financial position.

Additional information about the financial position of the Defendants has arisen since the application was first filed, *see* Supplemental Declaration of J. Kenneth Gorman.

*Findings are Appropriate*

There is nothing in the PACA statutes precluding the Court from making findings when it issues orders, including preliminary injunctions. Since the PACA funds are held in trust and the non-dissipation orders remain until the sum has been paid, it would seem appropriate, if not necessary, for the dollar amount to be stated. As above, Defendants claim they dispute the amount but have not provided any supporting evidence. The Court could certainly modify that amount if future evidence shows otherwise.

*PACA Versus Non-PACA Assets*

Defendants misread the proposed preliminary injunction. It does not prevent dissipation of non-PACA assets, but it does seek to impose upon the Defendants the burden of proving that assets are non-PACA. There is precedent for that. In *In Re: Kornblum* (1996) 81 F.3d 280, 28 Bank Ctr. Dec. 1161, the issue was whether membership certificates in leases were PACA assets. The Court ruled that, on remand, to prevail, the defendant must show that the units were not purchased with PACA trust assets. In *Movscovitz & Sons v Scotia Bank*, (2006) 447 F.Supp 2d 156, the Court stated that the burden was on the defendant (Scotia Bank) to show that dissipated assets (money used to buy real property) did not come from non-PACA trust sources, citing *Kornblum*.

While this may impose a burden on Defendants, it is not unfair, as *Kornblum* and *Movscocvitz* discuss: putting that burden on the Defendants furthers the intent of the PACA

3

*ASA Farms v. Fresh 'N Healthy, et al.*
Case No. C08-00122 JF
Plaintiff's Reply to Opposition to Application for
TRO/Preliminary Injunction

statutes, which recognize the enormous burden placed on providers of perishable agricultural goods like these Plaintiffs.

### Bank(s) Can Be Enjoined

The Court has jurisdiction over any entity that possesses trust property. Defendants do not dispute that PACA trust money is located in accounts at their bank(s). If the bank cannot be enjoined, the Order is meaningless.

In *Continental Fruit Company v. Gatziolis, Moglia and Midwest Bank*, (1991) 774 F Supp 449, Gatziolis and Moglia had accounts and a loan at Midwest Bank. They received PACA goods from the Plaintiff. When there was an assignment of creditors, the bank used the money in the defendants' account to pay off its own loan. Plaintiff sought, and the Court granted, an injunction prohibiting the bank from dissipating assets and ordered it to set up separate accounts to isolate and protect the PACA trust monies. A similar order is appropriate here.

### Shortcomings of Defendants' Proposed Order

In addition to not stating a dollar amount to give the parties guidance for payment purposes, the proposed order potentially does not cover the bank(s) nor require the Defendants to serve a copy of the order on all persons who may be affected by it. Thus, if the Court is inclined to adopt the Defendants' order, it should be edited accordingly.

Dated: January 22, 2008

LOMBARDO & GILLES, LLP

By: _____
Kelly McCarthy Sutherland
J. Kenneth Gorman
Attorneys for Plaintiffs
ASA Farms, Inc., and Braga Ranch

---

*ASA Farms v Fresh 'N Healthy, et al*
Case No C08-00122 JF
Plaintiff's Reply to Opposition to Application for
TRO/Preliminary Injunction

4

# PROOF OF SERVICE

I am employed in the County of Monterey, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 318 Cayuga Street, Salinas, California 93901.

On the date set forth below, I caused the following document(s) entitled:

**PLAINTIFF'S REPLY TO OPPOSITION TO APPLICATION FOR TRO/PRELIMINARY INJUNCTION**

o be served on the party(ies) or its (their) attorney(s) of record in this action listed below by the following means:

| | |
|---|---|
| X | **BY MAIL.** By placing each envelope (with postage affixed thereto) in the U.S. Mail at the law offices of Lombardo & Gilles, 318 Cayuga Street, Salinas, California, addressed as shown below. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing. |
| | **BY HAND-DELIVERY.** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below. |
| | **BY OVERNIGHT DELIVERY.** By placing with an overnight mail company for delivery a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Lombardo & Gilles, addressed as shown below. |
| | **BY FACSIMILE TRANSMISSION.** By transmitting a true copy thereof by facsimile transmission from facsimile number (831) 754-2011 to the interest party(ies) or their attorney of record to said action at the facsimile number(s) shown below. |

Stephen T. O'Neill, Esq.
Robert A. Franklin, Esq.
MURRAY & MURRAY
19400 Stevens Creek Blvd., #200
Cupertino, CA 95014-2548
650-852-9000
650-852-9244 (fax)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 22, 2008, at Salinas, California.

Cheryl L. Ulburn

---

5

*ASA Farms v. Fresh 'N Healthy, et al.*
Case No. C08-00122 JF
Plaintiff's Reply to Opposition to Application for
TRO/Preliminary Injunction