**E-Filed 1/29/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>   Plaintiffs,<br><br>   v.<br><br>FRESH 'N HEALTHY, INC. A Delaware corporation, et al.,<br><br>   Defendant. | Case Number C08-00122 JF<br><br>ORDER[1] GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 2] |

ASA Farms, Inc. and Braga Ranch ("Plaintiffs") allege that Fresh 'N Healthy, Inc. ("Fresh") owes them $302,756.84 for produce purchased in a series of transactions between November 9, 2007 and December 28, 2007. Plaintiffs seek a preliminary injunction enjoining Fresh, its agents, officers, directors, shareholders, subsidiaries, assigns and all persons in active concert or participation with them who receive actual notice of this Order from dissipating the assets of a Perishable Agricultural Commodities Act ("PACA") statutory trust. 7 U.S.C. § 499e(c)(5) invests courts with the authority to provide injunctive relief to prevent dissipation of a

---

[1] This disposition is not designated for publication and may not be cited.

PACA trust. Although it has not filed opposition to the motion, Fresh did raise certain objections to Plaintiffs' proposed order. Notwithstanding these objections, Fresh consents to entry of a preliminary injunction.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Defendant Fresh, its agents, officers, directors, subsidiaries, assigns and banking institutions[2] and all persons in active concert or participation with them who receive actual notice of this Order, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of this Court. Under § 499e(c)(2) of PACA, the assets subject to this Order include all assets of Fresh, unless Fresh can prove that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. *See In re Kornblum & Co.*, 81 F.3d 280 (2d Cir. 1996) (holding that the burden is on the defendant to demonstrate that dissipated assets were not purchased with PACA trust assets).

2. This Order shall be binding upon the parties to this action, their officers, agents, employees, banking institutions or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3. Plaintiffs shall not be required to post a bond.

---

[2] Without citing any authority, Fresh argues that this Court cannot enjoin banking institutions because Fresh has no control over its banking institutions and those institutions are not parties to this case. However, where a PACA debtor deposits PACA assets into a bank account, courts may enjoin the bank from distributing those funds. *Cont'l Fruit Co. v. Gatziolis & Co.*, 774 F. Supp. 499 (N.D. ill. 1991). Defendants bear the burden of proving that a particular asset is not a PACA asset. Fresh has not made any argument that the assets controlled by any particular banking institutions are not PACA assets.

1  DATED: January 29, 2008.

    _____
    JEREMY FOGEL
    United States District Judge

28

3

1   This Order has been served upon the following persons:

2
3   Kelly McCarthy Sutherland    kelly@lomgil.com

4   James Washburn Sullivan      jim@lomgil.com

5   Kenneth Gorman        ken@lomgil.com

6   Robert Anthony Franklin      rfranklin@murraylaw.com

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

Case No. C 08-00122
ORDER GRANTING REQUEST FOR A PRELIMINARY INJUNCTION
(JFLC1)