```
 1 │ STEPHEN T. O'NEILL (115132)
   │ ROBERT A. FRANKLIN (091653)
 2 │ MURRAY & MURRAY
   │ A Professional Corporation
 3 │ 19400 Stevens Creek Blvd., Suite 200
   │ Cupertino, CA 95014-2548
 4 │ Telephone: (650) 852-9000; (408) 907-9200
   │ Facsimile: (650) 852-9244
 5 │ Email: soneill@murraylaw.com
   │ Email: rfranklin@murraylaw.com
 6 │
   │ Attorneys Specially Appearing for Defendant
 7 │ FRESH 'N HEALTHY, INC.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH, <br><br>Plaintiffs, <br><br>vs. <br><br>FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company, BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, and DOES 1 through 50, inclusive, <br><br>Defendants. | Case No. C08-00122 PVT <br><br>**STIPULATION TO MODIFY PRELIMINARY INJUNCTION** <br><br>(RE: DOCKET NO. 2) |

BN 1746173v2                                    1

STIPULATION TO MODIFY PRELIMINARY INJUNCTION - CASE NO. C08-00122 PVT

Received Time Feb. 22. 2:43PM

1   This Stipulation, made and entered into by and between Plaintiffs ASA Farms, Inc. and
2   Braga Ranch ("Plaintiffs") and Defendant Fresh 'N Healthy, Inc. ("Defendant") is based upon the
3   following facts:
4       A.   On or about January 29, 2008 this Court made and entered its Order Granting
5   Plaintiffs' Motion For Preliminary Injunction (the "Order"), which prevents, among other things,
6   Defendant from selling or transferring "any or all assets covered by or subject to the trust
7   provisions of the PACA without agreement of the parties or until further order of this Court."
8   [Order 2:6-11.]
9       B.   Order further provides that the assets subject to the Order include all assets of
10  Defendant unless Defendant "can prove that a particular asset" is not subject to the PACA, with
11  the burden of proof on the Defendant.
12      C.   Defendant contends, and Plaintiffs reserve their rights with respect to such
13  contentions, that its machinery, fixtures, equipment and intellectual property were purchased with
14  non-PACA assets, including paid in capital and loans from, among others, Comerica Bank.
15      D.   Defendant is in default of its obligations to its lender Comerica Bank and has
16  ceased to conduct business. The net realizable value of Defendant's machinery, fixtures,
17  equipment and intellectual property is at risk of diminution due to lack of security, lack of
18  maintenance and the accrual of rents and other storage charges. Defendant desires to sell all or
19  substantially all of its machinery, fixtures, equipment and intellectual property in one or more
20  private sales, as summarized on Exhibit A hereto. Comerica Bank, as secured lender, has
21  consented to such sales of its collateral.
22      E.   In order to preserve Plaintiffs' rights, if any, in and to the proceeds of the
23  machinery, fixtures, equipment and intellectual property the parties have agreed to the entry of an
24  order modifying the Order on the terms set forth below.

### STIPULATION

26  IT IS HEREBY STIPULATED AND AGREED that this Court may make and enter its
27  order as follows:
28      1.   Defendant is hereby authorized to sell, in one or more private sales, its machinery,

1  fixtures, equipment and intellectual property, including labels, packaging and unregistered trade
2  names and trademarks, provided, however, that the proceeds of such sale or sales shall be held in
3  a segregated account at Comerica Bank subject to any and all claims of Plaintiffs, if any, to assert
4  PACA rights thereto.

5      2.   Except as expressly set forth, nothing herein contained shall waive, alter or modify
6  the rights of the parties under the Order, and the segregated proceeds shall be subject to Plaintiffs'
7  PACA rights, if any, to the same extent and with the same validity and priority as such rights
8  attached to the machinery, fixtures, equipment and intellectual property itself.

10  DATED: February _____, 2008          MURRAY & MURRAY
                                         A Professional Corporation

                                         By:_____

                                         Attorneys Specially Appearing for Defendant
                                         FRESH 'N HEALTHY, INC.

16  DATED: February 21, 2008              LOMBARDO & GILLES, LLP

                                         By:_____

                                         Attorneys for Plaintiffs
                                         ASA FARMS, INC., and BRAGA RANCH

22  Comerica Bank hereby consents to entry of the foregoing order and agrees to be bound
    thereby.

24  DATED: February 22, 2008              BUCHALTER NEMER
                                          A Professional Corporation

                                          By:_____
                                              ROBERT E. IZMIRIAN
                                              Attorneys for
                                              COMERICA BANK

BN 1746173v2                              3

STIPULATION TO MODIFY PRELIMINARY INJUNCTION - CASE NO. C08-00122 PVT

fixtures, equipment and intellectual property, including labels, packaging and unregistered trade names and trademarks, provided, however, that the proceeds of such sale or sales shall be held in a segregated account at Comerica Bank subject to any and all claims of Plaintiffs, if any, to assert PACA rights thereto.

2. Except as expressly set forth, nothing herein contained shall waive, alter or modify the rights of the parties under the Order, and the segregated proceeds shall be subject to Plaintiffs' PACA rights, if any, to the same extent and with the same validity and priority as such rights attached to the machinery, fixtures, equipment and intellectual property itself.

DATED: February 22, 2008

MURRAY & MURRAY
A Professional Corporation

By: [signature]

Attorneys Specially Appearing for Defendant
FRESH 'N HEALTHY, INC.

DATED: February _____, 2008

LOMBARDO & GILLES, LLP

By:_______________________

Attorneys for Plaintiffs
ASA FARMS, INC., and BRAGA RANCH

Comerica Bank hereby consents to entry of the foregoing order and agrees to be bound thereby.

DATED: February _____, 2008

BUCHALTER NEMER
A Professional Corporation

By:_______________________
ROBERT E. IZMIRIAN
Attorneys for
COMERICA BANK

# EXHIBIT A

Pending sales of assets of Fresh 'N Healthy, Inc.

1. To Ashman Company, substantially all of the equipment, including processing equipment, farm equipment, pumps, irrigation pipes, forklifts, trucks, trailers and warehouse and office furnishings located in Gilroy and El Centro, California, and trade names and labels Gourmet Veg-Paq, Reda Verde, Ruby Ridge Farms, Truly Vegetarian, Salad Select and Tesoro Farms for $525,000; and

2. To Ray Nava, substantially all of the equipment and vehicles located at Gilroy Machine, for $60,000.

BUCHALTER NEMER
A Professional Corporation
SAN FRANCISCO

BN 1749449v1

Received Time Feb. 22.  2:43PM