Effie F. Anastassiou, Esq. (SBN 96279)
Scott J. Allen (State Bar #178925)
Denis Klavdianos, Esq. (SBN 225925)
ANASTASSIOU& ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for OCEANO PACKING CO., INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

ASA FARMS, INC., a California corporation and BRAGA RANCH

Plaintiffs,

v.

FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, COMERICA BANK and DOES 2 through 50, inclusive,

Defendants

Case No. C08-00122JF

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OCEANO PACKING CO, LLC.'S MOTION FOR INTERVENTION**

**DATE: April 4, 2008**
**TIME: 9:00 a.m.**
**PLACE: Courtroom 3, 5th Floor**
**JUDGE: Judge Jeremy Fogel**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 4, 2008 at 9:00 a.m. or as soon thereafter as counsel may be heard by the Honorable Jeremy Fogel of the United States District Court for the Northern District of California, San Jose, Division, located at 280 South First Street, San Jose, California 95113, Defendant OCEANO PACKING, CO., LLC ("OCEANO") will, and does hereby move this court, pursuant to Federal Rule of Civil Procedure, ("F.R.C.P."), 24(a)(2), for an order permitting OCEANO to intervene as "of right" in this pending action, namely, ASA Farms, Inc., et al. v. Fresh 'N Healthy, Inc., et al., Case Number C08-00122JF ("Pending Action"), and to file its proposed Complaint-In-Intervention against the defendants named therein. Alternatively, OCEANO will, and does hereby move this court, to permit OCEANO to intervene pursuant to F.R.C.P. 24 (b)(1)(B) in the Pending Action in order to file its Complaint-In-Intervention against the defendants named therein.

This Motion is based on this Notice of Motion and Memorandum of Points and Authorities the Declaration of Effie F. Anastassiou in Support of Oceano Packing, Co.'s Motion to Intervene, and accompanying exhibits thereto, filed concurrently herewith, including, without limitation the proposed Complaint-In-Intervention, the [Proposed] Order filed concurrently herewith, and the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing on this Motion.

**TABLE OF CONTENTS**


**I. INTRODUCTION AND STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . 1

**A. Intervention As Of Right.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**B. Permissive Intervention.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**II. LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**A. Authority For Motion.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**B. OCEANO Should Be Permitted To Intervene As "Of Right" In Order To File Its Complaint-In-Intervention Because Oceano Can Establish Each Of The Elements Under F. R.C.P. 24(a)(2).** . . . . . . . . . . . . . . . . . . 3

**1. OCEANO 's Motion For Intervention Is Timely Under The Circumstances Because The Pending Action Was Filed Less Than Two Months Ago, And There Is No Prejudice To The Existing Parties In Allowing Intervention By OCEANO At This Time.** . . . . . . . . . 3

**a. OCEANO's Motion For Intervention Is Timely.** . . . . . . . . . . . . . . . 3

**b. There Is No Prejudice To The Existing Plaintiffs. In Fact, OCEANO Will Be Prejudiced If It Is Not Permitted To Intervene.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**2. OCEANO Has A Significantly Protectible Interest Relating To The PACA Trust Assets.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**3. The Disposition Of The Lawsuit Will Adversely Affect Oceano's Interest Unless Intervention Is Allowed Because Oceano Has An Interest In The Very Same PACA Trust Assets That Are The Subject Of The ASA Complaint.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**4. The Existing Plaintiffs To The Pending Lawsuit Do Not Adequately Represent The Intervenor's Interests Because The ASA Plaintiffs** . . . . . . . 7

**C. Alternatively, OCEANO Should Be Permitted To Intervene In Order To File Its Complaint-In-Intervention Because OCEANO Has Claims That Share Common Questions Of Law And Fact With The Pending Action.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

## Federal Statutes


Federal Rule of Civil Procedure 24 . . . . . . . . . . 1

Federal Rule of Civil Procedure 24(a)(2) . . . . . . . . . . 1, 2, 3, 7

Federal Rule of Civil Procedure 24(b)(1)(B) . . . . . . . . . . 1, 2, 7

7 U.S.C. Section 499e et seq. . . . . . . . . . . 1


## Federal Cases


Arakaki v. Cayetano
324 F. 3d 1078, 1083 (9th Cir. 2003) . . . . . . . . . . 3, 5, 7

Cabazon Band of Mission Indians v. Wilson
124 F. 3d 1050, 1061 (9th Cir. 1997) . . . . . . . . . . 3

California ex rel. Lockyer v. United States
450 F. 3d 436, 441 (9th Cir. 2006) . . . . . . . . . . 5

Consumers Produce Co., Inc. v. Volante Wholesale Produce, Inc.,
16 F.3d 1374, 1380 (3rd Cir. 1984) . . . . . . . . . . 6

Cunningham v. David Special Commitment Ctr.
158 F. 3d 1035, 1038 (9th Cir. 1998) . . . . . . . . . . 6

Engra, Inc. v. Gabel
161 F. 3d 814, 827 (5th Cir. 1992) . . . . . . . . . . 3

In re Al Nagelberg & Co.,
84 B.R. 19, 21-22 (Bankr. S.D. N.Y. 1988) . . . . . . . . . . 6

In re Richmond Produce Co., Inc.,
112 B.R. 364, 377-378 (Bankr. N.D. CA 1990) . . . . . . . . . . 6

Kootenai Tribe of Idaho v. Veneman
313 F. 3d 1094, 1108-1109 (9th Cir. 2002) . . . . . . . . . . 7

Mid-Atlantic Supply, Inc. Of Virginia v. Three Rivers Aluminum Co.,
790 F.2d 1121 (4th Cir. 1986) . . . . . . . . . . 5

Sagebrush Rebellion, Inc. v. Watt
713 F. 2d 525, 528 (9th Cir.1983) . . . . . . . . . . 7

Tom Lange Co. V. Lombardo Fruit & Produce Co.,
12 F. 3d 806, 809 (8th Cir. 1993) . . . . . . . . . . 6

United States v. State of Washington
86 F. 3d 1499, 1502 (9th Cir. 1996) . . . . . . . . . . 3

## I. INTRODUCTION AND STATEMENT OF FACTS

Pursuant to Federal Rule of Civil Procedure ("F. R.C.P."), 24, OCEANO PACKING CO, LLC. ("OCEANO" or "Intervening Plaintiff"), a California limited liability company, hereby moves this Court for intervention as a matter right in the instant matter under subsection (a)(2) of F.R.C.P.24, and alternatively, for permissive intervention under subsection (b)(1)(B) of F.R.C.P.24, for the purpose of filing OCEANO's proposed Complaint-In-Intervention against each of the Defendants named in the instant matter (the "Defendants").

The Plaintiffs in the action in which OCEANO is seeking to intervene, ASA FARM, INC. and BRAGA RANCH (herein, collectively referred to as the "ASA Plaintiffs"), are sellers of perishable agriculture commodities (herein, the "ASA Produce"), who assert that Defendant FRESH & HEALTHY, INC. ("FRESH") failed to pay the ASA Plaintiffs the amount of $318,971.60 for the ASA Produce. The ASA Plaintiffs further assert that they are beneficiaries of the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. Section 499e et seq. ("PACA"), which provides the ASA Plaintiffs with a floating, non segregated statutory trust on all of FRESH's perishable agricultural commodities, and receivables, proceeds or assets derived therefrom (herein, the "FRESH PACA TRUST ASSETS").

The ASA Plaintiffs further alleged that the other named defendants in their original Complaint are insiders of FRESH with responsibility for the daily management and costs of FRESH, and as such, are statutory trustees under PACA with responsibilities and liabilities to the ASA Plaintiffs for the monies owed to the ASA Plaintiffs by FRESH for the ASA Produce.

Similarly, OCEANO sold perishable agricultural commodities to FRESH (the "Oceano Produce"), for which it has not been paid the sum of $101,127.39 by FRESH. OCEANO has similarly alleged that it is a beneficiary of the PACA statutory trust on the FRESH PACA TRUST ASSETS. OCEANO has also alleged that the other defendants named in the ASA Plaintiffs' original Complaint are statutory trustees under PACA with responsibilities and liabilities to Oceano for the monies owed to OCEANO for the Oceano Produce.

The ASA Plaintiffs have obtained a preliminary injunction in their case which prohibits FRESH,

the other named defendants and defendant COMERICA BANK ("COMERICA"), from selling the FRESH PACA TRUST ASSETS without agreement of the parties or further order of the Court.

OCEANO has an interest in the very same FRESH PACA TRUST ASSETS that are the subject of the preliminary injunction. OCEANO's interests in these FRESH PACA TRUST ASSETS will not be protected unless OCEANO is permitted to intervene in this action.

**A. Intervention As Of Right.**

Under the circumstances, the Court *must* permit OCEANO to intervene in this pending action under subsection F.R.C.P.24(a)(2) in order to file its Complaint-In-Intervention because OCEANO claims an interest relating to property that is the subject of the pending action, and OCEANO is so situated that disposing of the action may as a practical matter impair or impede OCEANO's ability to protect its interest.

**B. Permissive Intervention.**

Moreover, in the alternative, OCEANO should be permitted to intervene in this pending action under subsection F.R.C.P.24(b)(1)(B), in order to file its Complaint-In-Intervention because OCEANO has claims that share common questions of law and fact with this pending action filed by the ASA Plaintiffs.

## II. LEGAL ARGUMENT

**A. Authority For Motion.**

F. R.C.P. 24 provides two methods for intervening in a pending action without the consent of the parties. Subsection (a) of Rule 24 outlines the circumstances for intervening as a *matter of right*, and reads in relevant part as follows:

> (a) Intervention of Right. On timely motion, the court **must permit** anyone to intervene who:
>
> ...
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

[Emphasis added]. Moreover, subsection (b) of Rule 24 outlines the circumstances for *permissive intervention*, and reads in relevant part as follows:

> (b) Permissive Intervention.
> (1) *In General.* On timely motion, the court **may permit** anyone to intervene who:
> ...
> (B) has a claim or defense that shares with the main action a common question of law or fact.

[Emphasis added].

**B. OCEANO Should Be Permitted To Intervene As "Of Right" In Order To File Its Complaint-In-Intervention Because Oceano Can Establish Each Of The Elements Under F. R.C.P. 24(a)(2).**

Intervention as "of right" under F. R.C.P. 24(a)(2) involves a four part test: (1) a timely application; (2) the applicant has a "significantly protectible" interest relating to the property or transaction involved in the pending lawsuit; (3) disposition of the lawsuit may adversely affect applicant's interest unless intervention is allowed; and (4) the existing parties do not adequately represent the intervenor's interests. Arakaki v. Cayetano 324 F. 3d 1078, 1083 (9th Cir. 2003). The four-part test is interpreted broadly in favor of intervention. See Cabazon Band of Mission Indians v. Wilson 124 F. 3d 1050, 1061 (9th Cir. 1997).

OCEANO should be permitted to intervene as "of right" in order to file its Complaint-In-Intervention because OCEANO can establish each of the elements under F. R.C.P. 24(a)(2).

**1. OCEANO 's Motion For Intervention Is Timely Under The Circumstances Because The Pending Action Was Filed Less Than Two Months Ago, And There Is No Prejudice To The Existing Parties In Allowing Intervention By OCEANO At This Time.**

Courts generally consider the following factors relevant to the issue of timeliness: (1) the stage of the proceedings at the time the applicant seeks to intervene; (2) prejudice to the existing parties from applicant's delay in seeking leave to intervene; and (3) any reason for and length of delay in seeking intervention, i.e. how long the prospective intervenors knew or reasonably should have known of their interest in litigation. See United States v. State of Washington 86 F. 3d 1499, 1502 (9th Cir. 1996); see also Engra, Inc. v. Gabel 161 F. 3d 814, 827 (5th Cir. 1992).

**a. OCEANO's Motion For Intervention Is Timely.**

OCEANO's Motion For Intervention is clearly timely because the ASA Complaint was filed less than two months ago, on January 8, 2008. Moreover, OCEANO did not immediately file its own Complaint after learning of the ASA Complaint and the Preliminary Injunction because counsel for

OCEANO has previously been told by counsel for Defendant FRESH, Steve O'Neil, Esq., that FRESH intended to file for bankruptcy protection, making any action in federal court subject to an automatic stay under bankruptcy law. OCEANO's counsel memorialized these communications in a February 8, 2008 letter to counsel for counsel for FRESH, counsel to COMERICA, counsel to Plaintiffs in the ASA Complaint, and to other interested parties (the "February 8, 2008 Letter"). [See February 8, 2008 Letter attached as Exhibit "B" to OCEANO's Proposed Complaint-In-Intervention, which Proposed Complaint-In-Intervention is in turn attached as Exhibit "A" to the Declaration of Effie Anastassiou In Support of Motion For Intervention ("Anastassiou Decl")].

However, to date, on information and belief, Defendant FRESH has not filed for bankruptcy protection, and so OCEANO is now moving in a timely manner, less than two months after the ASA Complaint was filed, to intervene in this case.

**b. There Is No Prejudice To The Existing Plaintiffs. In Fact, OCEANO Will Be Prejudiced If It Is Not Permitted To Intervene.**

In addition, there is no prejudice to the existing parties permitting OCEANO to intervene into the case. In fact, OCEANO's interest will be impaired if it is not permitted to intervene because the FRESH PACA TRUST ASSETS may be in the process of being dissipated and converted by Defendants.

In the February 8, 2008 Letter, counsel of OCEANO warned the parties not to take any actions which are adverse to OCEANO's interests. [See Exhibit "B" to OCEANO's Proposed Complaint-In-Intervention]. As of the filing of this motion, OCEANO has received no written response to its February 8, 2008 Letter or assurances by the parties who are Plaintiffs or Defendants in the ASA Complaint that the interests of OCEANO in the FRESH PACA TRUST ASSETS which are the subject of the Preliminary Injunction and the ASA Complaint will be protected. [See Anastassiou Decl', at ¶ 3].

Despite the notice sent by OCEANO in the February 8, 2008 Letter, as referenced above, on February 25, 2008, FRESH, COMERICA, and counsel to Plaintiffs in the ASA Complaint, filed with this Court a Stipulation to Modify Preliminary Injunction (the "Stipulation to Modify"), which seeks to modify the Preliminary Injunction. [See Exhibit "C" to OCEANO's Proposed Complaint-In-Intervention]. The Stipulation to Modify was signed by counsel for the parties on February 21, 2008 and February 22, 2008. Yet, OCEANO was never notified of the Stipulation to Modify nor consulted in any matter concerning the

Stipulation to Modify. [See Anastassiou Decl', at ¶ 4]. OCEANO only discovered that the Stipulation to Modify had been entered into through its monitoring of Court filings on PACER.[See Anastassiou Decl', at ¶ 4].

Concurrently with its Motion For Intervention, OCEANO is filing an Objection To Stipulation To Modify, objecting to the Stipulation to Modify in that it contains no provisions requiring notice to the creditors of FRESH, nor does it contain any requirements that the assets of FRESH be sold for fair market value. On information and belief, Defendant COMERICA may be selling the assets of FRESH for *less* than fair market value to one or more of the RESPONSIBLY CONNECTED PARTIES (as defined in Paragraph 27 of OCEANO's proposed Complaint-In-Intervention), to the harm and detriment of OCEANO and other creditors of FRESH.[See Anastassiou Decl', at ¶ 5].

**2. OCEANO Has A Significant Protectible Interest Relating To The FRESH PACA TRUST ASSETS.**

The "significant protectible interest" requirement is generally satisfied when the interest is protectible under some law, and there is a relationship between the interest and the claims at issue in the pending lawsuit. Arakaki v. Cayetano, supra. 324 F. 3d at 1083. The Ninth Circuit has stated that "a party has sufficient interest for intervention purposes if it will suffer a *practical impairment* of its interests as a result of the pending litigation." California ex rel. Lockyer v. United States 450 F. 3d 436, 441 (9th Cir. 2006).

Here, OCEANO clearly has a significantly protectible interest as a beneficiary to the FRESH PACA TRUST ASSETS, and OCEANO 's claims in its Proposed Complaint-In-Intervention directly relate to such FRESH PACA TRUST ASSETS. Specifically, in the Fourth and Fifth Causes Of Action of OCEANO's Proposed Complaint-In-Intervention, OCEANO has made specific allegations regarding violation of the statutory trust provisions of PACA against the Defendants. [See OCEANO's Proposed Complaint-In-Intervention, at Pages 10-14, attached as Exhibit "A" to the Anastassiou Decl'].

The law provides that all of the assets of Defendant FRESH which were PACA trust assets never became property of the estate of FRESH because they are an equitable interest, and are subject to immediate turnover to the PACA claim holder. Equitable interests for the benefit of others are not part of the debtor's estate. See 11 U.S.C. § 541(d); Mid-Atlantic Supply, Inc. Of Virginia v. Three Rivers

Aluminum Co., 790 F.2d 1121 (4th Cir. 1986).

The beneficiary of a PACA trust is entitled to priority as to all PACA trust assets of the debtor, FRESH, ahead of administrative expenses, claims for attorneys' fees, and all claims of creditors, including those with valid security interests. See Tom Lange Co. V. Lombardo Fruit & Produce Co., 12 F. 3d 806, 809 (8th Cir. 1993).

In addition, a party who receives trust funds (such as Defendant COMERICA BANK), knowing that there has been a breach of trust, does so at his peril. Only a bona fide purchaser for value without notice of the breach of trust may keep trust funds so transferred. See Consumers Produce Co., Inc. v. Volante Wholesale Produce, Inc., 16 F.3d 1374, 1380 (3rd Cir. 1984). Lenders with actual or constructive knowledge of a PACA trust are not bona fide purchasers and must refund any monies they receive in violation of the PACA trust. Such knowledge is imputed when the lender has a lien on PACA trust property and the lender knows that the debtor was engaged in the sale of perishable agricultural commodities. In re Richmond Produce Co., Inc., 112 B.R. 364, 377-378 (Bankr. N.D. CA 1990). In such circumstances, a debtor's secured lender is required to disgorge monies which the debtor paid in reduction of its debt to the secured lender, which monies are then used for the benefit of PACA trust beneficiaries. See In re Al Nagelberg & Co., 84 B.R. 19, 21-22 (Bankr. S.D. N.Y. 1988).

**3. The Disposition Of The Lawsuit Will Adversely Affect Oceano's Interest Unless Intervention Is Allowed Because Oceano Has An Interest In The Very Same PACA Trust Assets That Are The Subject Of The ASA Complaint.**

It must also be shown that disposition of the pending action would have a potential adverse impact on the would-be-intervenor's interest, ie. that it may "as a practical matter impair or impede the applicant's ability to protect that interest." SEC v. Navin 166 F.R.D. 435, 440 (N.D. Ca. 1995); Cunningham v. David Special Commitment Ctr. 158 F. 3d 1035, 1038 (9th Cir. 1998).

The disposition of the pending lawsuit will adversely affect OCEANO's interest unless intervention is allowed because OCEANO has an interest in the very same FRESH PACA TRUST ASSETS that are the subject of the Preliminary Injunction obtained by the ASA Plaintiffs. If the FRESH PACA TRUST ASSETS are distributed to the ASA Plaintiffs, COMERICA, or other third parties without the consent of OCEANO, then OCEANO may be irreparably harmed, as there may be no remaining FRESH PACA

TRUST ASSETS to satisfy OCEANO'S obligations.

**4. The Existing Plaintiffs To The Pending Lawsuit Do Not Adequately Represent The Intervenor's Interests Because The ASA Plaintiffs**

Only a minimal showing is required to establish that the existing Plaintiffs to the pending lawsuit do not adequately represent the intervenor's interests. Arakaki v. Cayetano, supra. 324 F. 3d at 1083. A would-be-intervenor meets its minimal burden by showing the existing parties have interests adverse to his. Sagebrush Rebellion, Inc. v. Watt 713 F. 2d 525, 528 (9th Cir.1983).

Here, as noted above, OCEANO has an interest in the very same FRESH PACA TRUST ASSETS that are the subject of the Preliminary Injunction obtained by the ASA Plaintiffs. Yet, to date, the ASA Plaintiffs have not formally recognized OCEANO's interests in the FRESH PACA TRUST ASSETS, nor consulted with OCEANO on such important matters as the proposed modification of the Preliminary Injunction, despite OCEANO's written request that they do so.

**C. Alternatively, OCEANO Should Be Permitted To Intervene In Order To File Its Complaint-In-Intervention Because OCEANO Has Claims That Share Common Questions Of Law And Fact With The Pending Action.**

The existence of a common question of law or fact is liberally construed. Kootenai Tribe of Idaho v. Veneman 313 F. 3d 1094, 1108-1109 (9th Cir. 2002).

Here, there are clearly common questions of law and fact. Both the ASA Complaint and OCEANO's Proposed Complaint-In-Intervention contain specific causes of action regarding the FRESH PACA TRUST ASSETS, as well as allegations regarding the unlawful dissipation and conversion of such assets by Defendants. [See ASA Complaint, at Pages 7-9; see also OCEANO's Proposed Complaint-In-Intervention, at Pages 10-14, attached as Exhibit "A" to the Anastassiou Decl'].

Moreover, both the complaints name precisely the same parties, including Defendant COMERICA BANK, which may be involved in unlawfully dissipating and converting the FRESH PACA TRUST ASSETS.

## III. CONCLUSION

As a result of the foregoing, pursuant to F. R.C.P. 24(a)(2) and (b)(1)(B), and applicable case law, this Court *must* permit OCEANO to intervene in this pending action under subsection (a)(2) of Rule 24 in order to file its Complaint-In-Intervention. Alternatively, OCEANO requests that this Court permit

OCEANO to intervene in this pending action under subsection (b)(1)(B) of Rule 24 in order to file its Complaint-In-Intervention.

Dated: February 27, 2008

ANASTASSIOU & ASSOCIATES

Effie F. Anastassiou
Attorneys for Intervening Plaintiffs
OCEANO PACKING, CO., INC.

F:\OCA\Fresh 'N Healthy\Pleadings\Motion to Intervene\MemoPAIntervention.wpd