Effie F. Anastassiou, Esq. (SBN 96279)
Scott J. Allen (State Bar #178925)
Denis Klavdianos, Esq. (SBN 225925)
ANASTASSIOU& ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for OCEANO PACKING COMPANY, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH<br><br>Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, COMERICA BANK and DOES 2 through 50, inclusive,<br><br>Defendants | Case No. C08-00122JF<br><br>**DECLARATION OF EFFIE F. ANASTASSIOU IN SUPPORT OF OCEANO PACKING COMPANY, LLC'S MOTION FOR INTERVENTION**<br><br>**DATE:** April 4, 2008<br>**TIME:** 9:00 a.m.<br>**PLACE: Courtroom 3, 5th Floor**<br>**JUDGE: Judge Jeremy Fogel** |

1    I, EFFIE F. ANASTASSIOU, declare under penalty of perjury that the following is true and

2    correct:

3        1.    I am the attorney who represents the Intervening Plaintiff OCEANO PACKING CO, LLC

4    ("INTERVENING PLAINTIFF" or "OCEANO") in the instant matter.  As such, I have personal

5    knowledge of the following facts to which I could and would competently testify if called as a witness.

6        2.    Attached hereto as **Exhibit "A"** and incorporated by reference is OCEANO's Proposed

7    Complaint-In-Intervention.

8        3.    As of the date of the filing of this motion, OCEANO has received no written response to

9    its February 8, 2008 Letter attached as Exhibit "B" to OCEANO's Proposed Complaint-In-Intervention,

10   or assurances by the parties who are Plaintiffs or Defendants in the action in which OCEANO is seeking

11   to intervene (the "ASA Complaint"), that the interests of OCEANO will be protected in the PACA trust

12   assets which are the subject of the Preliminary Injunction, entered on January 29, 2008 (the "Preliminary

13   Injunction"), attached as Exhibit "A" to OCEANO's Proposed Complaint-In-Intervention.

14       4.    OCEANO was never notified of the Stipulation to Modify Preliminary Injunction (the

15   "Stipulation to Modify"), filed on February 25, 2008 by Defendant FRESH & HEALTHY, INC.

16   ("FRESH"), Defendant COMERICA BANK, and counsel to Plaintiffs in the ASA Complaint which is

17   attached as Exhibit "C" to OCEANO's Proposed Complaint-In-Intervention, nor was OCEANO consulted

18   in any manner concerning the Stipulation to Modify. OCEANO only discovered that the Stipulation to

19   Modify had been entered into through its monitoring of Court filings on PACER.

20       5.    On information and belief, Defendant COMERICA may be selling the assets of FRESH

21   for *less* than fair market value to one or more of the RESPONSIBLY CONNECTED PARTIES (as defined

22   in Paragraph 27 of OCEANO's Proposed Complaint-In-Intervention) to the harm and detriment of

23   OCEANO and other creditors of FRESH.

24   //

25   //

26   //

27   //

28

1      I declare under penalty of perjury under the laws of the State of California that the foregoing is true

2  and correct, except that portion which I stated based on my information and belief, and as to those portions

3  I believe them to be true.

4

5

6      Executed this 27st day of February, 2008, at Salinas, California.

7

8                        /s/

                              EFFIE F. ANASTASSIOU

                              Declarant

9  F:\OCA\Fresh 'N Healthy\Pleadings\Motion to Intervene\DecofEFA.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   Effie F. Anastassiou, Esq. (SBN 96279)
    Scott J. Allen (State Bar #178925)
2   Denis Klavdianos, Esq. (SBN 225925)
    ANASTASSIOU& ASSOCIATES
3   242 Capitol Street
    Post Office Box 2210
4   Salinas, California  93902
    Telephone:  (831) 754-2501
5   Facsimile:   (831) 754-0621

6   Attorneys for OCEANO PACKING CO., LLC

7

8           IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH | Case No. C08-00122JF |
| Plaintiffs, | **OCEANO PACKING CO., LLC's COMPLAINT-IN-INTERVENTION** |
| v. | |
| FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual;  THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, COMERICA BANK and DOES 2 through 50, inclusive, | |
| Defendants | |

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF          1          Complaint-In-Intervention
                                                Oceano Packing Co., LLC

| | |
|---|---|
| OCEANO PACKING CO. LLC., a California limited liability company; | **COMPLAINT FOR:** |
| Intervening Plaintiff, | **1.** **BREACH OF WRITTEN CONTRACTS;** |
| v. | **2.** **ACCOUNTS STATED;** |
| | **3.** **OPEN BOOK ACCOUNT;** |
| FRESH 'N HEALTHY, INC., a Delaware corporation; MARK WILLIAMS, an individual; | **4.** **ENFORCEMENT OF STATUTORY TRUST PROVISIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §§499e, et seq.] AND DISGORGEMENT;** |

1   OCEANO PACKING CO. LLC., a California
2   limited liability company;

           )   **COMPLAINT FOR:**
           )
3       Intervening Plaintiff,    )   **1.**   **BREACH OF WRITTEN CONTRACTS;**
           )   **2.**   **ACCOUNTS STATED;**
4   v.             )   **3.**   **OPEN BOOK ACCOUNT;**
           )   **4.**   **ENFORCEMENT OF**
5   FRESH 'N HEALTHY, INC., a Delaware   )      **STATUTORY TRUST**
 corporation; MARK WILLIAMS, an individual; )      **PROVISIONS OF THE**
6   JACK PARSON, an individual; STEVEN   )      **PERISHABLE AGRICULTURAL**
 CINELLI, an individual; CHAD HAGEN, an  )      **COMMODITIES ACT ("PACA")**
7   individual; SANTOS MARTINEZ, an individual; )      **[7 U.S.C. §§499e, et seq.] AND**
 DON BEAM, an individual; DARRYL    )      **DISGORGEMENT;**
8   NICHOLSON, an individual; RICHARD MAY,  )   **5.**   **VIOLATION OF PACA:**
 an individual; THOMAS COLOGNA, an    )      **FAILURE TO ACCOUNT AND**
9   individual; PRESTWICK PARTNERS, LLC, a  )      **PAY PROMPTLY;**
 California limited liability company; SOLSTICE )   **6.**   **CONVERSION;**
10  VENTURE PARTNERS, LLC, a California   )   **7.**   **UNJUST ENRICHMENT;**
 limited liability company; VFINANCE    )   **8.**   **CONSTRUCTIVE TRUST/**
11  INVESTMENTS, a business entity form unknown; )      **DISGORGEMENT; and**
 FMP VINEYARD, LLC, a New Mexico limited )   **9.**   **DECLARATORY RELIEF.**
12  liability company; BUTTONWOOD OPTION,  )
 LLC, a business entity form unknown; DW, LLC, )
13  a business entity form unknown; M SOLAZZO  )   **DEMAND FOR JURY TRIAL**
 TRUST 2002; P. SOLAZZO 1998; GIBBONS  )
14  FAMILY TRUST; BIXLER TRUST;     )
 STEIGERWALD TRUST; CARTER TRUST;  )
15  and COMERICA BANK, a Texas Corporation;  )
           )
16       Defendants.      )
           )
17             )
 _____)
18

19    Intervening Plaintiff OCEANO PACKING CO, LLC ("INTERVENING PLAINTIFF" or

20 "OCEANO") for its complaint in intervention against defendants alleges:

21           **JURISDICTION AND VENUE**

22    1.   Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act,

23 7 U.S.C. §499e et seq. (hereafter, the "PACA"), and 28 U.S.C. §1331. This Court has jurisdiction over

24 the remaining causes of action which do not arise under PACA pursuant to 28 U.S.C. §1367(a) because

25 said causes of action form part of the same case or controversy.

26    2.   Venue in this District is based on 28 U.S.C. §1391 in that: (a) one or more Defendants'

27 residence or principal place of business is in this District; and (b) a substantial part of the events or

28 omissions giving rise to OCEANO's claim occurred in this District.

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF         2         Complaint-In-Intervention
                         Oceano Packing Co., LLC

**DESCRIPTION OF PARTIES**

3.     OCEANO is now and at all relevant times material herein was a California limited liability company, with its principal business office in the County of San Luis Obispo, State of California.

4.     On information and belief, Defendant FRESH 'N HEALTHY, INC. (hereinafter, "FRESH""), is and has at all relevant times herein been, a Delaware corporation organized and doing business under the laws of the State of California, with its principal business office formerly located in Hollister, California. On information and belief, at the end of 2007, Defendant FRESH closed down its offices and currently has no business office.

5.     On information and belief, Defendant MARK WILLIAMS (hereinafter, "WILLIAMS""), an individual, was at all relevant times herein, a resident of Monterey County, California, and is and has at all relevant times herein been, an officer, director and/or shareholder of FRESH.

6.     On information and belief, Defendant JACK PARSON (hereinafter, "PARSON"), an individual, is a resident of Monterey County, California and is and has at all relevant times herein been, an officer, director and/or shareholder of FRESH.

7.     On information and belief, Defendant STEVEN CINELLI (hereinafter, "CINELLI "), an individual, is and has at all relevant times herein been a resident of Santa Clara County, California, and has at all relevant times herein been, an officer, director and/or shareholder of FRESH.

8.     On information and belief, Defendant CHAD HAGEN (hereinafter, "HAGEN"), an individual, is and has at all relevant times herein been, an officer, director and/or shareholder of FRESH.

9.     On information and belief, Defendant SANTOS MARTINEZ (hereinafter, "MARTINEZ"), an individual, is and has at all relevant times herein been, an officer, director and/or shareholder of FRESH.

10.     On information and belief, Defendant DON BEAM (hereinafter, "BEAM"), an individual, is and has at all relevant times herein been, an officer, director and/or shareholder of FRESH.

11.     On information and belief, Defendant DARRYL NICHOLSON (hereinafter, "NICHOLSON"), an individual, is and has at all relevant times herein been, an officer, director and/or shareholder of FRESH.

1    12.    On information and belief, Defendant RICHARD MAY (hereinafter, "MAY"), an

2    individual, is and has at all relevant times herein been, an officer, director and/or shareholder of FRESH.

3    13.    On information and belief, Defendant THOMAS COLOGNA (hereinafter, "COLOGNA"),

4    an individual, is and has at all relevant times herein been, an officer, director and/or shareholder of

5    FRESH.

6    14.    On information and belief, Defendant PRESTWICK PARTNERS, LLC (hereinafter,

7    "PRESTWICK"), is a limited liability company, formed and existing under the laws of the State of

8    California, with its principal place of business in San Francisco, California.  On information and belief,

9    PRESTWICK is and has at all relevant times herein been a shareholder of FRESH.

10   15.    On information and belief, Defendant SOLSTICE VENTURE PARTNERS, LLC

11   (hereinafter, "SOLSTICE"), is a limited liability company, formed and existing under the laws of the State

12   of California, with its principal place of business in San Francisco, California.  On information and belief,

13   SOLSTICE, is and has at all relevant times herein been a shareholder of FRESH.

14   16.    On information and belief, Defendant VFINANCE INVESTMENTS (hereinafter,

15   "VFINANCE"), a business entity form unknown, is and has at all relevant times herein been a shareholder

16   of FRESH.

17   17.    On information and belief, Defendant FMP VINEYARD, LLC ("FMP"), is a limited

18   liability company formed and existing under the laws of the State of New Mexico.  On information and

19   belief, FMP is and has at all relevant times herein been a shareholder of FRESH.

20   18.    On information and belief, Defendant BUTTONWOOD OPTION, LLC (hereinafter,

21   "BUTTONWOOD"), a business entity form unknown, is and has at all relevant times herein been a

22   shareholder of FRESH.

23   19.    On information and belief, Defendant DW, LLC (hereinafter, "DW"), a business entity form

24   unknown, is and has at all relevant times herein been a shareholder of FRESH.

25   20.    On information and belief, Defendant M SOLAZZO TRUST 2002 (hereinafter,

26   "SOLAZZO 2002 "), is and has at all relevant times herein been a shareholder of FRESH.

27   21.    On information and belief, Defendant P. SOLAZZO 1998 (hereinafter, " SOLAZZO

1   1998"), is and has at all relevant times herein been a shareholder of FRESH.

2       22.    On information and belief, Defendant GIBBONS FAMILY TRUST (hereinafter,

3   "GIBBONS"), is and has at all relevant times herein been a shareholder of FRESH.

4       23.    On information and belief, Defendant BIXLER TRUST(hereinafter, " BIXLER"), is and

5   has at all relevant times herein been a shareholder of FRESH.

6       24.    On   information   and   belief,   Defendant   STEIGERWALD   TRUST (hereinafter,

7   "STEIGERWALD"), is and has at all relevant times herein been a shareholder of FRESH.

8       25.    On information and belief, Defendant CARTER TRUST (hereinafter, "CARTER"), is and

9   has at all relevant times herein been a shareholder of FRESH.

10      26.    On information and belief, Defendant COMERICA BANK (hereinafter, "COMERICA"),

11  is and has at all relevant times herein been, a Texas corporation, and is licensed to do business and is doing

12  business within the State of California.

13      27.    Defendants   WILLIAMS,   PARSON,   CINELLI,   HAGEN,   MARTINEZ, BEAM,

14  NICHOLSON, MAY, COLOGNA, PRESTWICK, SOLSTICE, VFINANCE, FMP, BUTTONWOOD,

15  DW, SOLAZZO 2002, SOLAZZO 1998, GIBBONS, BIXLER, STEIGERWALD, and CARTER are

16  referred to collectively herein as the "RESPONSIBLY CONNECTED PARTIES".

17      28.    Defendant FRESH, Defendant COMERICA, and the RESPONSIBLY CONNECTED

18  PARTIES are hereinafter referred to collectively as the "DEFENDANTS".

19  **GENERAL ALLEGATIONS CONCERNING RESPONSIBLY CONNECTED**

20  **PARTIES AND COMERICA**

21      29.    On information and belief, the RESPONSIBLY CONNECTED PARTIES are and at all

22  relevant times herein have been, insiders of Defendant FRESH, with actual and/or constructive knowledge

23  of the provisions of the PACA, the PACA trust requirements and the provisions set forth therein, and who

24  are and/or were during all times relevant herein, responsible for the daily management and control of

25  Defendant FRESH, and who are and/or were during all relevant times herein, statutory trustees under

26  PACA, and in a position to control the PACA trust assets that are the subject of this lawsuit.  In addition,

27  the RESPONSIBLY CONNECTED PARTIES are and/or were at all relevant times herein, responsible for

1    the daily management and control of Defendant FRESH, and therefore responsible for the compliance by

2    Defendant FRESH with its fiduciary obligations to OCEANO.

3        30.    On information and belief, Defendant FRESH ceased the operation of its business at the

4    end of 2007 and is now in the process of liquidating its assets. Moreover, on information and belief, the

5    assets that are being sold in liquidation by FRESH, and the accounts receivable that are being collected

6    by FRESH, are being used to pay debts owed to COMERICA and/or to the RESPONSIBLY

7    CONNECTED PARTIES, rather than to pay the PACA debts owed to OCEANO, which are described

8    below.  Further, on information and belief, prior to the closing of its business, FRESH distributed PACA

9    trust assets to COMERICA and/or to the RESPONSIBLY CONNECTED PARTIES. Such actions

10    constitute a diversion of PACA trust assets in violation of applicable law.

11        31.    The trust provisions of the PACA, 7 U.S.C. 499e(c), provide that upon receipt of perishable

12    agricultural commodities by FRESH, OCEANO became the beneficiary of a floating, non-segregated

13    statutory trust on all of FRESH's perishable agricultural commodities, all inventories of food or other

14    products derived from perishable agricultural commodities, and all receivables or proceeds from the sale

15    of such perishable agricultural commodities or other products or assets derived therefrom. The beneficiary

16    of a PACA trust is entitled to priority as to all PACA trust assets of the Defendant FRESH, ahead of

17    administrative expenses, claims for attorneys' fees, and all claims of creditors, including those with valid

18    security interests.

19

20        32.    A party who receives trust funds, knowing that there has been a breach of trust under

21    PACA, does so at his peril. Only a bona fide purchaser for value without notice of the breach of trust may

22    keep trust funds so transferred.  The RESPONSIBLY CONNECTED PARTIES do not fall within such

23    category, and must refund any such trust monies received.  Similarly, secured lenders with actual or

24    constructive knowledge of a PACA trust are not bona fide purchasers and must refund any monies they

25    receive in violation of the PACA trust. Such knowledge is imputed when the lender has a lien on PACA

26    trust property and the lender knows that the debtor was engaged in the sale of perishable agricultural

27    commodities.  In such circumstances, a debtor's secured lender is required to disgorge monies which the

28    debtor paid in reduction of its debt to the secured lender, which monies are then used for the benefit of

1  PACA trust beneficiaries.

2      33.    On information and belief, COMERICA BANK and/or one or more of the RESPONSIBLY

3  CONNECTED PARTIES received monies which arose from Defendant FRESH's business revenues, or

4  from FRESH's accounts receivable, which would be a part of the PACA trust and recoverable from

5  COMERICA BANK and/or one or more of the RESPONSIBLY CONNECTED PARTIES.

6                **GENERAL ALLEGATIONS CONCERNING INTERVENTION**

7      34.    On January 29, 2008, this Court entered an Order granting Plaintiffs' Motion for

8  Preliminary Injunction (the "Preliminary Injunction"), in the case in which Plaintiff OCEANO is seeking

9  to intervene, namely <u>ASA Farms, Inc., et al. v. Fresh 'N Healthy, Inc., et al.</u>, Case Number C08-00122JF

10  (herein, "ASA Complaint").  A true and correct copy of the Preliminary Injunction entered in the action

11  which is the subject of the ASA Complaint is attached hereto as **Exhibit "A"**, and incorporated herein

12  by reference.  The Preliminary Injunction, by its express terms, enjoins and restrains FRESH, the

13  RESPONSIBLY CONNECTED PARTIES, and COMERICA from "dissipating, paying, transferring,

14  assigning or selling" any PACA trust assets "without agreement of the parties", or further order of this

15  Court, unless FRESH proves that a particular asset is not a PACA trust asset.

16

17      35.    As more fully set forth in this Complaint, OCEANO claims an interest in the PACA trust

18  assets which are the subject of the Preliminary Injunction and the ASA Complaint.  Further, OCEANO

19  is so situated that the making of agreements by the parties to the ASA Complaint, the entry of orders

20  relating to the ASA Complaint, and/or the disposing of the ASA Complaint, may, as a practical matter,

21  impair or impede OCEANO's ability to protect its interest in the PACA trust assets which are the subject

22  of the ASA Complaint and the Preliminary Injunction.

23      36.    On February 8, 2008, OCEANO sent a letter to counsel for FRESH, counsel to

24  COMERICA, counsel to Plaintiffs in the ASA Complaint, and to other interested parties, notifying such

25  counsel and parties of the interests of OCEANO in the PACA trust assets which are the subject of the

26  Preliminary Injunction and the ASA Complaint, and warning such counsel and parties not to take any

27  actions which are adverse to OCEANO's interests.  A true and correct copy of such February 8, 2008 letter

28  is attached hereto as **Exhibit "B"**, and incorporated herein by this reference.  To date, OCEANO has

1   received no written response to its February 8, 2008 letter or assurances by the parties who are Plaintiffs

2   or Defendants in the ASA Complaint that the interests of OCEANO in the PACA trust assets which are

3   the subject of the Preliminary Injunction and the ASA Complaint will be protected.

4         37.     Despite the notice sent by OCEANO on February 8, 2008, as referenced above, on February

5   25, 2008, FRESH, COMERICA, and counsel to Plaintiffs in the ASA Complaint, filed with this Court a

6   Stipulation to Modify Preliminary Injunction (the "Stipulation to Modify"), a true and correct copy of

7   which is attached hereto as **Exhibit "C"** and incorporated herein by reference, which seeks to modify the

8   Preliminary Injunction. The Stipulation to Modify was signed by counsel for the parties on February 21,

9   2008 and February 22, 2008. Yet, OCEANO was never notified of the Stipulation to Modify nor consulted

10  in any manner concerning the Stipulation to Modify. Oceano only discovered that the Stipulation to

11  Modify had been entered into through its monitoring of Court filings on PACER.

12        38.     Oceano objects to the Stipulation to Modify in that it contains no provisions requiring

13  notice to the creditors of FRESH, nor does it contain any requirements that the assets of FRESH be sold

14  for fair market value. On information and belief, COMERICA may be selling the assets of FRESH for less

15  than fair market value to one or more of the RESPONSIBLY CONNECTED PARTIES, to the harm and

16  detriment of OCEANO and other creditors of FRESH.

17        39.     OCEANO has delayed filing the instant Complaint for several weeks after learning of the

18  ASA Complaint and the Preliminary Injunction because OCEANO has previously been told that FRESH

19  intended to file for bankruptcy protection. In such case, all creditors with an interest in the PACA trust

20  assets would have a right to a pro-rata distribution of funds subject the PACA trust. However, on

21  information and belief, to date FRESH has not filed for bankruptcy protection, so OCEANO's interests

22  in the PACA trust assets, which are the subject of the Preliminary Injunction and the ASA Complaint,

23  remain unprotected. Further, as noted above, OCEANO has learned this week that FRESH, COMERICA

24  and the Plaintiff in the ASA Complaint entered into the Stipulation to Modify which does not protect

25  OCEANO's interests.

26  \\

27  \\

28

## FIRST CAUSE OF ACTION
### (For Breach of Written Contract)

40.     OCEANO re-alleges and incorporates by reference all allegations contained in paragraphs 1 to 39, inclusive, of this Complaint, as if set forth in full herein.

41.     At all relevant times herein, Defendant FRESH was engaged in the handling of produce in interstate commerce as a commission merchant, dealer, and/or broker, subject to the provisions of the PACA and the regulations promulgated by the United States Secretary of Agriculture pursuant to the PACA, under PACA License No. 20070799.

42.     On or about the dates set forth below, OCEANO and FRESH entered into written agreements whereby OCEANO agreed to sell to FRESH certain orders of perishable agricultural commodities in interstate commerce (collectively referred to herein as the "Produce"), and FRESH agreed to pay OCEANO the sums set forth below as consideration therefore.  These purchases of Produce were memorialized in writing in Invoices (the "Invoices"), true and correct copies of which are attached hereto as **Exhibit "D"** and incorporated herein by reference.

43.     The terms of the sale of the Produce were memorialized in writing in the Invoices attached hereto as **Exhibit "D"**.  In addition, OCEANO's Invoices provide for late charges to be paid on all balances outstanding over 30 days, at the rate of 1.5% per month or eighteen (18%) per annum.  The total amount owed to OCEANO by FRESH for the Produce as of the date of this Complaint was $101,127.39, plus late charges at the rate of eighteen (18%) per annum, as set forth in Oceano's Age Analysis by Customer/Ship Date included in **Exhibit "D"**.

44.     OCEANO has performed all conditions, covenants and promises required by it on its part to be performed in accordance with the terms and conditions of the foregoing written agreements relating to the sale of the Produce.

45.     Defendant FRESH breached its written agreements with OCEANO by failing and refusing to pay to OCEANO the full amounts owed to OCEANO pursuant to the terms of the Invoices, although the same is now past due.  Although repeated demand for payment of said sums has been made upon FRESH by OCEANO, no part thereof has been paid.

46.    As a direct and proximate result of FRESH's failure to remit payments to OCEANO, as of the date of this Complaint, there was due and owing, and unpaid from FRESH to OCEANO the sum of $101,127.39, plus late charges at the rate of eighteen percent (18%) per annum, plus attorneys' fees and costs, according to proof.

### SECOND CAUSE OF ACTION
#### (Accounts Stated)

47.    OCEANO re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46, inclusive, of this Complaint, as if set forth in full herein.

48.    OCEANO has repeatedly sent to FRESH Invoices in which the accounts were stated in writing between OCEANO and FRESH, with a balance of $101,127.39 shown due to OCEANO from FRESH. Although demanded by OCEANO from FRESH, no part of this balance has been paid.

49.    As of the date of this Complaint, there was due and owing, and unpaid from FRESH to OCEANO the sum of $101,127.39, plus late charges at the rate of eighteen percent (18%) per annum, plus attorneys' fees and costs, according to proof.

### THIRD CAUSE OF ACTION
#### (Open Book Account)

50.    OCEANO re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 49, inclusive, of this Complaint, as if set forth in full herein.

51.    On the dates and in the amounts set forth in the Invoices, Defendant FRESH became indebted to PLAINTIFF for said amounts as the reasonable value of the Produce furnished to FRESH, at its specific instance and request.

52.    Although demanded by OCEANO from FRESH, the balance on said open book account has not been paid. As of the date of this Complaint, there was due and owing, and unpaid from FRESH to OCEANO the sum of $101,127.39, plus late charges at the rate of eighteen percent (18%) per annum, plus attorneys' fees and costs, according to proof.

### FOURTH CAUSE OF ACTION
#### (Enforcement of the Statutory Trust Provisions of the PACA & Disgorgement)

53.    OCEANO re-alleges and incorporates by reference all allegations contained in Paragraphs

1 to 52, inclusive, of this Complaint, as if set forth in full herein.

54.     OCEANO delivered to FRESH, for sale and delivery by FRESH to the customers of FRESH in the course of interstate commerce, the Produce, which was perishable agricultural commodities, for which FRESH agreed to pay OCEANO the total sum of not less than $101,127.39.

55.     All of the Produce that OCEANO delivered to FRESH was of the kind, quality, grade and size called for under the terms of the Invoices between the parties.

56.     On information and belief, all of the customers of FRESH have accepted and paid for the Produce, but FRESH has failed and refused to pay PLAINTIFF the agreed sums for said commodities, leaving a balance due to OCEANO in the sum of at least $101,127.39, together with late charges from the dates payment on each Invoice was due.

57.     Each of the Invoices provide the following on the front of the Invoice: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."  Therefore, under the PACA trust provisions, 7 U.S.C. §499e(c), OCEANO is the beneficiary of a floating, non-segregated statutory trust on all of FRESH's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and all receivables or proceeds from the sale of such perishable agricultural commodities or other products or assets derived therefrom, until OCEANO is paid in full for the amounts it is owed for the Produce.

58.     OCEANO has performed and fulfilled all duties required by the PACA trust provisions in order to preserve its PACA trust benefits in the amount alleged in this Complaint to be due and owing from FRESH to OCEANO  (7 U.S.C. §499e(c)(1)-(4)).  As a result, OCEANO holds a perfected interest as a statutory trust beneficiary in the PACA trust assets held by, or previously held by, FRESH.  Indeed, the PACA trust assets are not, and never became, the property of FRESH.  Rather, as the beneficiary of the PACA trust, OCEANO holds equitable title to the trust assets, including all inventories of perishable agricultural commodities, and all assets purchased with, or maintained by, the proceeds from the sale of

1    perishable agricultural commodities.

2        59.    The PACA trust requires and required FRESH, and the RESPONSIBLY CONNECTED

3    PARTIES, to hold and to preserve all perishable agricultural commodities, proceeds and receivables in trust

4    for the benefit of OCEANO until full payment is made to OCEANO for the Produce. On information and

5    belief, FRESH and the RESPONSIBLY CONNECTED PARTIES have failed to maintain the trust assets

6    and to keep them available to satisfy FRESH's obligations to OCEANO, all in violation of the provisions

7    of PACA and the regulations promulgated thereunder. FRESH and the RESPONSIBLY CONNECTED

8    PARTIES have failed to perform the requirements of the PACA statutory trust provisions, express and

9    implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of PACA, and

10   the regulations promulgated thereunder.

11       60.    OCEANO is informed and believes and thereon alleges that FRESH and the

12   RESPONSIBLY CONNECTED PARTIES improperly dissipated OCEANO's interest in the trust assets

13   by failing to maintain the trust, and by using the trust assets for purposes other than for paying OCEANO,

14   all in violation of the PACA, 7 U.S.C. §§499b(4) and 499e(c). On information and belief, FRESH and the

15   RESPONSIBLY CONNECTED PARTIES transferred or diverted all or a portion of the trust assets, namely

16   receivables or proceeds derived from the sale of produce, to COMERICA BANK, and/or to the

17   RESPONSIBLY CONNECTED PARTIES, and/or to an unknown party or parties in violation of the

18   statutory duties of FRESH and the RESPONSIBLY CONNECTED PARTIES under the PACA to preserve

19   the trust assets for the benefit of OCEANO. Said transfers of trust assets to COMERICA, and/or to the

20   RESPONSIBLY CONNECTED PARTIES, were made while COMERICA and the RESPONSIBLY

21   CONNECTED PARTIES had actual and/or constructive notice of OCEANO's PACA trust claims and

22   FRESH's obligations to OCEANO. The statutory trust created by the PACA unequivocally gives priority

23   to the interest of OCEANO on all inventories of products derived from perishable agricultural commodities,

24   and any receivables or proceeds from the sale of such commodities or products, that have been transferred

25   to COMERICA, and/or to the RESPONSIBLY CONNECTED PARTIES, and/or other secured or

26   unsecured creditors of FRESH who are not PACA trust creditors.

27       61.    As a direct and proximate cause and result of the wrongful acts and omissions of FRESH

28

1   and the RESPONSIBLY CONNECTED PARTIES, OCEANO has suffered the loss of at least $101,127.39,

2   all of which qualifies for protection under the PACA trust, together with late charges at the rate of eighteen

3   percent (18%) per annum, and attorneys' fees and costs in an amount to be determined according to proof.

4       62.    FRESH, the RESPONSIBLY CONNECTED PARTIES, and COMERICA must immediately

5   account to OCEANO for all PACA trust assets currently in the possession of FRESH and/or the

6   RESPONSIBLY CONNECTED PARTIES, and must immediately disgorge them to OCEANO until full

7   payment for the perishable agricultural commodities sold and shipped by OCEANO to FRESH has been

8   made to OCEANO.

9                            **FIFTH CAUSE OF ACTION**
                    **(For Violation of the PACA– Failure to Account and Pay Promptly)**

10

11      63.    OCEANO realleges and incorporates by reference all allegations contained in Paragraphs

12  1 to 62, inclusive, of this Complaint, as if set forth in full herein.

13      64.    OCEANO  has repeatedly demanded that FRESH, the RESPONSIBLY CONNECTED

14  PARTIES and/or COMERICA, pay the amounts due to OCEANO stated above, for perishable agricultural

15  commodities sold and delivered to FRESH, as described above.  Despite these demands, FRESH, the

16  RESPONSIBLY CONNECTED PARTIES and/or COMERICA have failed and refused to truly, correctly,

17  and accurately account for and make full payment to Plaintiff for the Produce.  Therefore, FRESH has failed

18  to perform the requirements of said Invoices, express and implied, and has breached its duty to account and

19  pay for the Produce sold, and has diverted PACA trust assets, all in violation of the PACA, 7 U.S.C. §§499e

20  *et seq.*, and all other pertinent regulations issued by the Secretary of Agriculture to the PACA. Accordingly,

21  FRESH, the RESPONSIBLY CONNECTED PARTIES and/or COMERICA, have breached their duties

22  to account for any PACA trust assets they have received from FRESH, and have diverted PACA trust assets

23  to themselves and/or to other third parties, resulting in the failure to pay the PACA trust assets to the

24  rightful owner, OCEANO, the PACA trust beneficiary, all in violation of the provisions of the PACA, and

25  other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

26

27      65.    As a direct and proximate cause and result of the wrongful acts and omissions of FRESH,

28  the RESPONSIBLY CONNECTED PARTIES, and COMERICA, as alleged above, OCEANO has suffered

1   losses in the amount of at least $101,127.39 due and owing to OCEANO from the sale of perishable

2   agricultural commodities, which sum has been wrongfully withheld or diverted by FRESH, the

3   RESPONSIBLY CONNECTED PARTIES, and COMERICA, plus late charges on all past due amounts

4   at the rate of eighteen percent (18%) per annum, plus attorneys' fees and costs, according to proof.

5

**SIXTH CAUSE OF ACTION**
**(Conversion)**

6

7       66.    OCEANO re-alleges and incorporates by reference all allegations contained in Paragraphs

8   1 to 65, inclusive, of this Complaint, as if set forth in full herein.

9       67.    At all times relevant herein, OCEANO was and is entitled to possession of the specific sums

10   as alleged herein in the total amount of at least $101,127.39, plus late charges at the rate of eighteen percent

11   (18%) per annum.

12       68.    Since the Produce was sold by OCEANO to FRESH, and continuing thereafter, OCEANO

13   has repeatedly demanded the immediate turnover by FRESH, the RESPONSIBLY CONNECTED

14   PARTIES, and/or COMERICA of the above-mentioned sums as they became due, but FRESH, the

15   RESPONSIBLY CONNECTED PARTIES, and/or COMERICA, have failed and refused, and continue to

16   fail and refuse, to turn over such sums of money to OCEANO. On information and belief, FRESH, the

17   RESPONSIBLY CONNECTED PARTIES, and/or COMERICA have diverted payments of accounts

18   receivable, assets of the PACA trust, and monies due and owing to OCEANO to themselves and/or to other

19   third parties.

20       69.    As a direct and proximate result of the aforementioned wrongful acts of FRESH, the

21   RESPONSIBLY CONNECTED PARTIES, and/or COMERICA, OCEANO has suffered losses in the

22   amount of at least $101,127.39, plus late charges on all past due amounts at the rate of eighteen (18%) per

23   annum, plus attorneys' fees and costs. In addition, in doing and omitting to do the foregoing, FRESH, the

24   RESPONSIBLY CONNECTED PARTIES, and COMERICA, and their officers, directors and/or managing

25   agents, were guilty of malice, fraud, and oppression, and therefore, OCEANO is entitled to an award of

26   punitive and exemplary damages according to proof.

27

28   \\

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF           14                 Complaint-In-Intervention
Oceano Packing Co., LLC

### SEVENTH CAUSE OF ACTION
#### (Unjust Enrichment)

70.     OCEANO re-alleges and incorporates by reference all allegations contained in Paragraphs 1 to 69, inclusive, of this Complaint, as if set forth in full herein.

71.     On information and belief, FRESH received all of the rights and benefits due to FRESH pursuant to the Invoices, but failed to meet its obligations to OCEANO pursuant to the Invoices, and did not remit to OCEANO all of the amounts due to OCEANO for the Produce sold by OCEANO to FRESH. On information and belief, FRESH and the RESPONSIBLY CONNECTED PARTIES transferred or diverted all or a portion of the trust assets, namely receivables or proceeds derived from the sale of the Produce, to COMERICA BANK, to the RESPONSIBLY CONNECTED PARTIES and/or to an unknown party or parties in violation of the statutory duties of FRESH and the RESPONSIBLY CONNECTED PARTIES under the PACA to preserve the trust assets for the benefit of PLAINTIFF. Said transfers of trust assets to COMERICA were made while COMERICA had actual and/or constructive notice of OCEANO's PACA trust claims and FRESH's obligations to OCEANO. FRESH, the RESPONSIBLY CONNECTED PARTIES, and COMERICA have converted for their own use and benefit, the Produce delivered to FRESH by OCEANO, and/or the proceeds derived therefrom, valued in the cumulative amount of at least $101,127.39.

72.     If FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA are allowed to continue to convert and/or use such Produce and/or proceeds derived therefrom, they will be unjustly enriched to the detriment of OCEANO.

73.     As a direct and proximate result of the wrongful conversion of funds due to OCEANO, OCEANO has been damaged and FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA have been unjustly enriched in the cumulative amount of at least $101,127.39, plus such other amounts to be determined according to proof.

### EIGHTH CAUSE OF ACTION
#### (Constructive Trust/Disgorgement)

74.     OCEANO realleges and incorporates by reference all allegations contained in Paragraphs 1 to 73, inclusive, of this Complaint, as if set forth in full herein.

75.    OCEANO is informed and believes and thereon alleges that FRESH and the RESPONSIBLY CONNECTED PARTIES induced Plaintiff to sell the Produce to FRESH.

76.    OCEANO is informed and believes and thereon alleges that FRESH and/or the RESPONSIBLY CONNECTED PARTIES took such action and made such promises with the intent to defraud OCEANO and to induce OCEANO to sell perishable agricultural commodities to FRESH, and thereby acquire and keep such property and the sales proceeds thereof for their own use.

77.    OCEANO is informed and believes and thereon alleges that at the time of such acts and promises by FRESH and/or the RESPONSIBLY CONNECTED PARTIES as alleged here, OCEANO was unaware of their secret intentions and therefore acted reasonably in relying on their acts and promises, and that if OCEANO had known of their secret intention not to perform, OCEANO would not have acted in reliance upon their promises, and continued to deliver and sell the Produce to FRESH.

78.    On information and belief, FRESH and the RESPONSIBLY CONNECTED PARTIES transferred or diverted all or a portion of the trust assets, namely receivables or proceeds derived from the sale of produce, to the RESPONSIBLY CONNECTED PARTIES, to COMERICA BANK, and/or to an unknown party or parties in violation of the statutory duties of FRESH and the RESPONSIBLY CONNECTED PARTIES under the PACA to preserve the trust assets for the benefit of PLAINTIFF. Said transfers of trust assets to COMERICA were made while COMERICA had actual and/or constructive notice of OCEANO's PACA trust claims and FRESH's obligations to OCEANO. FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA have converted for their own use and benefit, the Produce delivered to FRESH by OCEANO, and/or the proceeds derived therefrom, valued in the cumulative amount of at least $101,127.39.

79.    OCEANO is further informed and believes and thereon alleges that FRESH, the RESPONSIBLY CONNECTED PARTIES, and COMERICA are in possession of PACA trust assets rightfully belonging to OCEANO and in which OCEANO has a beneficial interest, consisting of cash on deposit, inventory of perishable agricultural commodities, accounts receivable, the proceeds of sale therefrom, and/or other property which was acquired through the use of PACA trust assets.

80.    OCEANO has demanded the immediate turnover of all such PACA trust assets in the

1 | possession of FRESH, the RESPONSIBLY CONNECTED PARTIES, and COMERICA; however, FRESH,

2 | the RESPONSIBLY CONNECTED PARTIES, and COMERICA have failed and refused, and continue to

3 | fail and refuse, to turnover said PACA trust assets to OCEANO.

4 |      81.    By virtue of OCEANO's status as a PACA trust beneficiary and by virtue of the possession

5 | of PACA trust assets described herein by FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or

6 | COMERICA, then FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA hold such

7 | PACA trust assets in trust as constructive trustees for OCEANO's benefit.

8 |      82.    OCEANO does not know the specific value of the PACA trust assets held by each of

9 | FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA, and therefore a full

10 | accounting is necessary to determine the scope, extent, and value of PACA trust assets being held by

11 | FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA.

12 |      83.    OCEANO is informed and believes and thereon alleges that FRESH, the RESPONSIBLY

13 | CONNECTED PARTIES, and COMERICA hold monies, inventory, accounts receivable, and/or other

14 | PACA trust assets belonging to OCEANO in the cumulative amount of at least $101,127.39, the value of

15 | the Produce sold by OCEANO to FRESH, as constructive trustees for the benefit of OCEANO .

### NINTH CAUSE OF ACTION
**(Declaratory Relief)**

18 |      84.    OCEANO re-alleges and incorporates by reference all allegations contained in Paragraphs

19 | 1 to 83, inclusive, of this Complaint, as if set forth in full herein.

20 |      85.    An actual controversy has arisen and now exists relating to the rights and duties of the parties

21 | in that OCEANO contends that the PACA requires FRESH, the RESPONSIBLY CONNECTED PARTIES,

22 | and COMERICA to preserve and to immediately surrender sufficient PACA trust assets to pay OCEANO

23 | in full for the Produce. FRESH, the RESPONSIBLY CONNECTED PARTIES, and COMERICA have

24 | failed and/or otherwise refused to acknowledge and to act on their obligations under the PACA trust

25 | provisions and/or to recognize OCEANO's priority interest in the trust assets held by FRESH, the

26 | RESPONSIBLY CONNECTED PARTIES, and/or COMERICA, or to otherwise acknowledge the validity

27 | of the statutory trust provisions.

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF       17      Complaint-In-Intervention
Oceano Packing Co., LLC

86.    OCEANO seeks an Order of this Court declaring that its PACA trust claim is superior to and has priority over all claims that FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA may assert to the accounts receivable, inventory, proceeds and other property of FRESH, which is the subject of the PACA trust provisions, except those rights of any other properly perfected PACA trust creditors, to the extent such receivables, inventory, proceeds and other property constitute the corpus of the PACA trust funds of which OCEANO is a beneficiary. OCEANO will show that any perfected security interest that a third party might have who is not a PACA trust beneficiary in FRESH's accounts receivable, inventory, or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries, including OCEANO.

87.    Further, OCEANO seeks a declaratory judgment from this Court establishing (1) that the PACA trust funds never became the property of FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA ; (2) that OCEANO's trust claim under the PACA is superior to and takes priority over any secured and unsecured claims of any third party (other than other PACA trust beneficiaries), to FRESH's accounts receivable, inventory, and the proceeds thereof; and (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of FRESH, the RESPONSIBLY CONNECTED PARTIES, and/or COMERICA or their estate, and thus possibly subject to a third party's liens or claims, if such are established.

WHEREFORE, PLAINTIFF prays for judgment as follows:

**FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT:**

1.    For actual damages in the sum of at least $101,127.39, as against FRESH;

2.    For pre-judgment late charges at the rate of eighteen percent (18%) per annum, and post-judgment interest thereon at the highest rate allowed by law, according to proof;

3.    For costs of suit, including reasonable attorneys' fees, according to proof; and

4.    For such other and further relief as the court may deem proper.

**SECOND CAUSE OF ACTION FOR ACCOUNTS STATED:**

1.    For damages against FRESH in the total amount of at least $101,127.39;

2.    For pre-judgment late charges at the rate of eighteen percent (18%) per annum, and post-

1  judgment interest at the highest rate allowed by law, according to proof;

2    3.    For costs of suit, including reasonable attorneys' fees, according to proof; and

3    4.    For such other and further relief as the court may deem just and proper.

4  **THIRD CAUSE OF ACTION FOR OPEN BOOK ACCOUNT:**

5    1.    For damages against FRESH in the total amount of at least $101,127.39;

6    2.    For pre-judgment late charges at the rate of eighteen percent (18%) per annum, and post-

7  judgment interest at the highest rate allowed by law, according to proof;

8    3.    For costs of suit, including reasonable attorneys' fees, according to proof; and

9    4.    For such other and further relief as the court may deem just and proper.

10  **FOURTH CAUSE OF ACTION FOR ENFORCEMENT OF THE STATUTORY TRUST**
11  **PROVISIONS OF THE PACA & DISGORGEMENT:**

12    1.    For an order requiring all of the DEFENDANTS to immediately account for and pay all

13  PACA trust assets to OCEANO in the total sum of at least $101,127.39;

14    2.    For pre-judgment late charges at the rate of eighteen percent (18%) per annum, and post-

15  judgment interest at the highest rate allowed by law, according to proof;

16    3.    For costs of suit, including reasonable attorneys' fees, according to proof; and

17    4.    For such other and further relief as the court may deem just and proper.

18  **FIFTH CAUSE OF ACTION FOR VIOLATION OF THE PACA: FAILURE TO ACCOUNT AND**
19  **PAY PROMPTLY:**

20    1.    For damages against the all of the DEFENDANTS in the total sum of at least $101,127.39;

21    2.    For an order requiring all of the DEFENDANTS to promptly account for and pay all PACA

22  trust assets held on behalf of OCEANO;

23    3.    For pre-judgment late charges at the rate of eighteen percent (18%) per annum, and post-

24  judgment interest at the highest rate allowed by law, according to proof;

25    4.    For costs of suit, including reasonable attorneys' fees, according to proof; and

26    5.    For such other and further relief as the court may deem just and proper.

27  **SIXTH CAUSE OF ACTION FOR CONVERSION:**

28    1.    For value of the monies converted in the amount of at least $101,127.39;

2.    For punitive and exemplary damages against all of the DEFENDANTS in an amount according to proof;

3.    For pre-judgment late charges at the rate of eighteen percent (18%) per annum, and post-judgment interest at the highest rate allowed by law, according to proof;

4.    For costs of suit, including reasonable attorneys' fees; and

5.    For such other and further relief as the court may deem just and proper.

**SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT:**

1.    For damages against all of the DEFENDANTS in the total sum in the amount of at least $101,127.39;

2.    For pre-judgment late charges at the rate of eighteen percent (18%) per annum, and post-judgment interest at the highest rate allowed by law, according to proof;

3.    For costs of suit, including reasonable attorneys' fees, according to proof; and

4.    For such other and further relief as the court may deem just and proper.

**EIGHTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST/DISGORGEMENT:**

1.    For a declaration that all of the DEFENDANTS hold at least $101,127.39 in trust for the benefit of OCEANO;

2.    For an order compelling all of DEFENDANTS to transfer legal title and possession of such sums to OCEANO;

3.    For costs of suit, including reasonable attorneys' fees, according to proof; and

4.    For such other and further relief as the court may deem just and proper.

**NINTH CAUSE OF ACTION FOR DECLARATORY RELIEF:**

1.    For a declaratory judgment establishing that:

a.    The PACA trust assets never became the property of any of the DEFENDANTS, and that they must be immediately turned over to OCEANO until OCEANO is paid in full, including pre-judgment late charges, post-judgment interest, costs and attorneys' fees according to proof;

b.    The PACA trust assets held by the DEFENDANTS may not be used to pay any non-PACA claim or for any other purpose without the consent of OCEANO or order of the Court, until

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF                                    20

Complaint-In-Intervention
Oceano Packing Co., LLC

1  PLAINTIFF is paid in full, including pre-judgment late charges, post-judgment interest, costs and attorneys'

2  fees according to proof;

3          c.      OCEANO's PACA trust claim is superior to and takes priority over all other secured

4  and unsecured non-PACA claims, if any, against FRESH's accounts receivable, inventory, proceeds from

5  the sale of perishable agricultural commodities; and other property acquired through the use of PACA trust

6  assets; and

7          d.      Only funds in excess of the trust funds necessary to pay OCEANO as a PACA trust

8  claimant are the property of the estate of DEFENDANTS or possibly subject to DEFENDANT's liens or

9  claims, if any are established;

10      2.     For enforcement of the trust provisions of the PACA through payment of the sum of

11  $101,127.39;

12      3.     For pre-judgment late charges at the rate of eighteen percent (18%) per annum, and post-

13  judgment interest at the highest rate allowed by law, according to proof;

14

15      4.     For costs of suit, including reasonable attorneys' fees, according to proof; and

16      5.     For such other and further relief as the court may deem just and proper.

17                          **DEMAND FOR JURY TRIAL**

18      OCEANO hereby demands a trial by jury.

19  Dated: _____, 2008            ANASTASSIOU & ASSOCIATES

20

21

22                            By:_____

                            Effie F. Anastassiou

23                              Attorneys for Intervening Plaintiffs

                            OCEANO PACKING, CO., INC.

24

25

26  F:\OCA\Fresh 'N Healthy\Pleadings\Complaint in Intervention.wpd

27

28

# EXHIBIT A
# (Oceano's Complaint-In-Intervention)

**E-Filed1/29/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC. A Delaware corporation, et al.,<br><br>Defendant. | Case Number C08-00122 JF<br><br>ORDER[1]GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 2] |

     ASA Farms, Inc. and Braga Ranch ("Plaintiffs") allege that Fresh 'N Healthy, Inc. ("Fresh") owes them $302,756.84 for produce purchased in a series of transactions between November 9, 2007 and December 28, 2007. Plaintiffs seek a preliminary injunction enjoining Fresh, its agents, officers, directors, shareholders, subsidiaries, assigns and all persons in active concert or participation with them who receive actual notice of this Order from dissipating the assets of a Perishable Agricultural Commodities Act ("PACA") statutory trust. 7 U.S.C. § 499e(c)(5) invests courts with the authority to provide injunctive relief to prevent dissipation of a

---

[1] This disposition is not designated for publication and may not be cited.

1   PACA trust. Although it has not filed opposition to the motion, Fresh did raise certain objections

2   to Plaintiffs' proposed order. Notwithstanding these objections, Fresh consents to entry of a

3   preliminary injunction.

### IV. ORDER

5        Good cause therefor appearing, IT IS HEREBY ORDERED that:

6        1.        Defendant Fresh, its agents, officers, directors, subsidiaries, assigns and banking

7                  institutions[2] and all persons in active concert or participation with them who

8                  receive actual notice of this Order, are enjoined and restrained from dissipating,

9                  paying, transferring, assigning or selling any and all assets covered by or subject

10                 to the trust provisions of the PACA without agreement of the parties or until

11                 further order of this Court. Under § 499e(c)(2) of PACA, the assets subject to this

12                 Order include all assets of Fresh, unless Fresh can prove that a particular asset is

13                 not derived from perishable agricultural commodities, inventories of food or other

14                 products derived from perishable agricultural commodities or receivables or

15                 proceeds from the sale of such commodities or products. *See In re Kornblum &*

16                 *Co.*, 81 F.3d 280 (2d Cir. 1996) (holding that the burden is on the defendant to

17                 demonstrate that dissipated assets were not purchased with PACA trust assets).

18       2.        This Order shall be binding upon the parties to this action, their officers, agents,

19                 employees, banking institutions or attorneys and all other persons or entities who

20                 receive actual notice of this Order by personal service or otherwise.

21       3.        Plaintiffs shall not be required to post a bond.

---

24        [2] Without citing any authority, Fresh argues that this Court cannot enjoin banking
25   institutions because Fresh has no control over its banking institutions and those institutions are
     not parties to this case. However, where a PACA debtor deposits PACA assets into a bank
26   account, courts may enjoin the bank from distributing those funds. *Cont'l Fruit Co. v. Gatziolis*
     *& Co.*, 774 F. Supp. 499 (N.D. ill. 1991). Defendants bear the burden of proving that a particular
27   asset is not a PACA asset. Fresh has not made any argument that the assets controlled by any
28   particular banking institutions are not PACA assets.

2

1    DATED: January 29, 2008.

2

3

4    JEREMY FOGEL
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-00122
ORDER GRANTING REQUEST FOR A PRELIMINARY INJUNCTION
(JFLC1)

Case 5:08-cv-00122-JF    Document 19    Filed 01/29/2008    Page 4 of 4

1    This Order has been served upon the following persons:

2

3    Kelly McCarthy Sutherland    kelly@lomgil.com

     James Washburn Sullivan    jim@lomgil.com
4
     Kenneth Gorman    ken@lomgil.com
5
     Robert Anthony Franklin    rfranklin@murraylaw.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-00122
ORDER GRANTING REQUEST FOR A PRELIMINARY INJUNCTION
(JFLC1)

# EXHIBIT B
## (Oceano's Complaint-In-Intervention)

**Anastassiou & Associates**
**Attorneys at Law**



**Salinas Office**
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

**Associate Attorneys**
DENIS KLAVDIANOS
denisesq@salinasaglaw.com

SCOTT J. ALLEN
scottesq@salinasaglaw.com

**Of Counsel**
ANTHONY CARY
anthonycesq@juno.com

SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621

**Pismo Beach Branch Office**
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

**Of Counsel - Santa Maria**
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7262

February 8, 2008

**Via Facsimile & U.S. Mail**

Steve O'Neill, Esq.
Murray and Murray
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014

        Re:    **PACA Claim**
               **Our Client: Oceano Packing Company**

Dear Counsel:

        This firm represents Oceano Packing Company, LLC ("Oceano"), which has a PACA claim for monies owed from the sale of perishable commodities against Fresh 'N Healthy, Inc. ("Fresh"), among others, which it has filed with the U.S.D.A. PACA Branch as an informal Complaint, but which has not yet been filed as a lawsuit in U.S. District Court.

        This letter confirms my conversation with Steve O'Neill, Fresh's counsel, of earlier today in which Mr. O'Neill stated that Fresh would most likely be filing bankruptcy in the near future. Based on Mr. O'Neill's representations, Oceano has not yet filed a PACA lawsuit of its own in U.S. District Court, or attempted to intervene in any pending lawsuit against Fresh, prior to the commencement of the bankruptcy, because the lawsuit would end up being subject to the automatic stay created by the bankruptcy filing. If Fresh does not intend to file bankruptcy, please notify this firm immediately. We would like to have a written response regarding Fresh's intentions with respect to a bankruptcy filing on or before February 15, 2008, in order to protect our client's interests.

        Further, Oceano is aware of the preliminary injunction (the "PI"), dated January 29, 2008, issued against Fresh and others in the U.S. District Court case styled <u>ASA Farms.</u>

1

Inc. v. Fresh 'N Healthy, Inc., N.D.Cal. case number C08-00122.  It is Oceano's position that the PI protects all PACA claimants, including Oceano.  If Fresh or any other party intend to take, or agree to, any action that is not authorized by the PI, please notify this firm immediately so that Oceano can take appropriate action to protect its interests.

       If you have any questions or concerns regarding these matters, please feel free to call Effie Anastassiou or myself.  Otherwise we look forward to hearing from you by February 15, 2008.

                              Sincerely,

                              Anastassiou & Associates

                              _____ for Scott J. Allen
                              Scott J. Allen, Esq.
                              Attorneys for Oceano Packing Company, LLC

cc:    Kelly Sutherland, Esq. (Attorney for ASA Farms Inc., and Braga Ranch)
       Lombardo & Gilles
       P.O. Box 2119
       Salinas, CA 93902

       Marion Quesenbery, Esq. (Attorney for Dobler & Sons, LLC)
       Rynn & Janowsky, LLP
       P.O. Box 20799
       Oakland, CA 94620-0799

       Robert Edward Izmirian, Esq. (Attorney for Comerica Bank)
       Buchalter Nemer
       333 Market Street, 25th Floor
       San Francisco, CA 94105

       Terry O'Connor, Esq. (Attorney for Jack Parson, an Individual)
       Noland Hamerly Etienne & Hoss
       P.O. Box 2510
       Salinas, CA 93902

       Oceano Packing Company, LLC

F:\OCA\Fresh 'N Healthy\2.08.08 Steve Oneill.wpd

# EXHIBIT C
## (Oceano's Complaint-In-Intervention)

Feb-22-08    02:28pm    From-Buchalter Nemer SF                    +                    T-259    P.002/005    F-637

```
 1   STEPHEN T. O'NEILL (115132)
     ROBERT A. FRANKLIN (091653)
 2   MURRAY & MURRAY
     A Professional Corporation
 3   19400 Stevens Creek Blvd., Suite 200
     Cupertino, CA 95014-2548
 4   Telephone:  (650) 852-9000; (408) 907-9200
     Facsimile:  (650) 852-9244
 5   Email:  soneill@murraylaw.com
     Email:  rfranklin@murraylaw.com
 6
     Attorneys Specially Appearing for Defendant
 7   FRESH 'N HEALTHY, INC.

 8                UNITED STATES DISTRICT COURT

 9        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10
```

| | |
|---|---|
| 11  ASA FARMS, INC., a California<br>corporation and BRAGA RANCH, | Case No. C08-00122 PVT |
| 12                Plaintiffs, | **STIPULATION TO MODIFY<br>PRELIMINARY INJUNCTION** |
| 13       vs. | **(RE: DOCKET NO. 2)** |
| 14  FRESH 'N HEALTHY, INC., a Delaware<br>corporation, MARK WILLIAMS, an<br>15  individual; JACK PARSON, an individual;<br>STEVEN CINELLI, an individual; CHAD<br>16  HAGEN, an individual, SANTOS<br>MARTINEZ, an individual; DON BEAM,<br>17  an individual; DARRYL NICHOLSON, an<br>individual; RICHARD MAY, an<br>18  individual; THOMAS COLOGNA, an<br>individual; PRESTWICK PARTNERS,<br>19  LLC, a California limited liability<br>company; SOLSTICE VENTURE<br>20  PARTNERS, LLC, a business entity form<br>unknown; VFINANCE INVESTMENTS, a<br>21  business entity form unknown; FMP<br>VINEYARD, LLC, a New Mexico limited<br>22  liability company, BUTTONWOOD<br>OPTION, LLC, a business entity form<br>23  unknown; DW, LLC, a business entity<br>form unknown; M SOLAZZO TRUST<br>24  2002; P. SOLAZZO 1998; GIBBONS<br>FAMILY TRUST; BIXLER TRUST;<br>25  STEIGERWALD TRUST and CARTER<br>TRUST, and DOES 1 through 50,<br>26  inclusive,<br>27                Defendants. | |

```
28
```

BN 1746173v2                                1

STIPULATION TO MODIFY PRELIMINARY INJUNCTION - CASE NO. C08-00122 PVT

1    This Stipulation, made and entered into by and between Plaintiffs ASA Farms, Inc. and

2    Braga Ranch ("Plaintiffs") and Defendant Fresh 'N Healthy, Inc. ("Defendant") is based upon the

3    following facts:

4    A.    On or about January 29, 2008 this Court made and entered its Order Granting

5    Plaintiffs' Motion For Preliminary Injunction (the "Order"), which prevents, among other things,

6    Defendant from selling or transferring "any or all assets covered by or subject to the trust

7    provisions of the PACA without agreement of the parties or until further order of this Court."

8    [Order 2:6-11.]

9    B.    Order further provides that the assets subject to the Order include all assets of

10   Defendant unless Defendant "can prove that a particular asset" is not subject to the PACA, with

11   the burden of proof on the Defendant.

12   C.    Defendant contends, and Plaintiffs reserve their rights with respect to such

13   contentions, that its machinery, fixtures, equipment and intellectual property were purchased with

14   non-PACA assets, including paid in capital and loans from, among others, Comerica Bank.

15   D.    Defendant is in default of its obligations to its lender Comerica Bank and has

16   ceased to conduct business. The net realizable value of Defendant's machinery, fixtures,

17   equipment and intellectual property is at risk of diminution due to lack of security, lack of

18   maintenance and the accrual of rents and other storage charges. Defendant desires to sell all or

19   substantially all of its machinery, fixtures, equipment and intellectual property in one or more

20   private sales, as summarized on Exhibit A hereto. Comerica Bank, as secured lender, has

21   consented to such sales of its collateral.

22   E.    In order to preserve Plaintiffs' rights, if any, in and to the proceeds of the

23   machinery, fixtures, equipment and intellectual property the parties have agreed to the entry of an

24   order modifying the Order on the terms set forth below.

25                              **STIPULATION**

26   IT IS HEREBY STIPULATED AND AGREED that this Court may make and enter its

27   order as follows:

28   1.    Defendant is hereby authorized to sell, in one or more private sales, its machinery,

BN 1746173v2                              2

STIPULATION TO MODIFY PRELIMINARY INJUNCTION – CASE NO. C08-00122 PVT

Feb-22-08    02:29pm    From-Buchalter Nemer SF              +              T-259   P 004/005   F-637

1    fixtures, equipment and intellectual property, including labels, packaging and unregistered trade

2    names and trademarks, provided, however, that the proceeds of such sale or sales shall be held in

3    a segregated account at Comerica Bank subject to any and all claims of Plaintiffs, if any, to assert

4    PACA rights thereto.

5          2.    Except as expressly set forth, nothing herein contained shall waive, alter or modify

6    the rights of the parties under the Order, and the segregated proceeds shall be subject to Plaintiffs'

7    PACA rights, if any, to the same extent and with the same validity and priority as such rights

8    attached to the machinery, fixtures, equipment and intellectual property itself.

9

10   DATED: February _____, 2008           MURRAY & MURRAY
                                           A Professional Corporation
11

12                                         By:_____
13
                                           Attorneys Specially Appearing for Defendant
14                                               FRESH 'N HEALTHY, INC.

15

16   DATED: February 21, 2008              LOMBARDO & GILLES, LLP

17

18                                         By:_____

19                                              Attorneys for Plaintiffs
20                                         ASA FARMS, INC., and BRAGA RANCH

21

22          Comerica Bank hereby consents to entry of the foregoing order and agrees to be bound

23   thereby.

24   DATED: February 22, 2008              BUCHALTER NEMER
                                           A Professional Corporation
25

26                                         By:_____
                                              ROBERT E. IZMIRIAN
27                                                Attorneys for
                                               COMERICA BANK

28

BN 1746173v2                              3

STIPULATION TO MODIFY PRELIMINARY INJUNCTION - CASE NO. C08-00122 PVT

Received Time Feb. 22.    2:43PM

1  fixtures, equipment and intellectual property, including labels, packaging and unregistered trade

2  names and trademarks, provided, however, that the proceeds of such sale or sales shall be held in

3  a segregated account at Comerica Bank subject to any and all claims of Plaintiffs, if any, to assert

4  PACA rights thereto.

5      2.    Except as expressly set forth, nothing herein contained shall waive, alter or modify

6  the rights of the parties under the Order, and the segregated proceeds shall be subject to Plaintiffs'

7  PACA rights, if any, to the same extent and with the same validity and priority as such rights

8  attached to the machinery, fixtures, equipment and intellectual property itself.

9

10  DATED: February 22, 2008            MURRAY & MURRAY
                                        A Professional Corporation
11

12                                      By: Robt q Frank

13

14                                      Attorneys Specially Appearing for Defendant
                                        FRESH 'N HEALTHY, INC.
15

16  DATED: February _____, 2008         LOMBARDO & GILLES, LLP

17

18                                      By:_____

19                                      Attorneys for Plaintiffs
                                        ASA FARMS, INC., and BRAGA RANCH
20

21

22      Comerica Bank hereby consents to entry of the foregoing order and agrees to be bound

23  thereby.

24  DATED: February _____, 2008         BUCHALTER NEMER
                                        A Professional Corporation
25

26                                      By:_____
                                            ROBERT E. IZMIRIAN
27                                          Attorneys for
                                            COMERICA BANK
28

BN 1746173v2                    3

STIPULATION TO MODIFY PRELIMINARY INJUNCTION - CASE NO. C08-00122 PVT

Feb-22-08    02:28pm    From-Buchalter Nemer SF                          +                          T-259  P 005/005  F-637

## EXHIBIT A

Pending sales of assets of Fresh 'N Healthy, Inc.

    1.     To Ashman Company, substantially all of the equipment, including processing equipment, farm equipment, pumps, irrigation pipes, forklifts, trucks, trailers and warehouse and office furnishings located in Gilroy and El Centro, California, and trade names and labels Gourmet Veg-Paq, Reda Verde, Ruby Ridge Farms, Truly Vegetarian, Salad Select and Tesoro Farms for $525,000; and

    2.     To Ray Nava, substantially all of the equipment and vehicles located at Gilroy Machine, for $60,000.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 1749449v1

Received Time Feb. 22.  2:43PM

# EXHIBIT D
# (Oceano's Complaint-In-Intervention)

## Age Analysis by Customer/Ship Date

### OCEANO PACKING COMPANY LLC

| Ship Date | Order No. | Cust PO | Slsprsn | Pay Terms | Sale Terms | Hold | Invc Amt | Rcpt Amt | Balance | Days |
|---|---|---|---|---|---|---|---|---|---|---|
| FRESH 'N HEALTHY FARMS | | | F020 | Phone: (800) 801-6600 EXT 22 | | Credit Limit Amt: .00 | | | Credit Limit Days: 0 | |
| Jun 25, 2007 | 100425 | | OCEANO P 25 DAYS | | FOB | No | 19,832.77 | 7,350.28 | 12,482.49 | 201 |
| Jun 26, 2007 | 100426 | | OCEANO P 25 DAYS | | FOB | No | 21,728.39 | .00 | 21,728.39 | 200 |
| Jun 30, 2007 | 100443 | | OCEANO P 25 DAYS | | FOB | No | 12,558.17 | 1,102.24 | 11,455.93 | 196 |
| Jul 02, 2007 | 100429 | | OCEANO P 25 DAYS | | FOB | No | 18,348.43 | .00 | 18,348.43 | 194 |
| Nov 14, 2007 | 417 | 417 | OCEANO P 25 DAYS | | FOB | No | 20,023.15 | .00 | 20,023.15 | 59 |
| Nov 19, 2007 | 423 | 423 | OCEANO P 25 DAYS | | FOB | No | 17,089.00 | .00 | 17,089.00 | 54 |
| Total: FRESH 'N HEALTHY FARMS | | | | | | | 109,579.91 | 8,452.52 | 101,127.39 | |
| Grand Total: | | | | | | | 109,579.91 | 8,452.52 | 101,127.39 | |

Number of Invoices: 6

OCEANO PACKING COMPANY LLC
P.O. BOX 929
OCEANO CA 93475-0929

# INVOICE

Invoice #:  100425
Invoice:  Jun 25, 2007
Ship:     Jun 25, 2007
Pay Terms: 25 DAYS

Sold To: FRESH 'N HEALTHY FARMS
P.O. BOX 2317
HOLISTER CA 95024

Ship To: FRESH 'N HEALTHY FARMS
1600 CIATION WAY
HOLISTER CA 95024

| | | | | | | |
|---|---|---|---|---|---|---|
| Sale Terms: FOB | Salesperson: OCEANO PACKING | Carrier: | | | | Page 1 of 1 |
| Order: Jun 25, 2007 | Via: Truck | Trailer lic: | | St: | | |
| Cust PO: | Currency: USD | Broker: | | | | |

| Description | Quantity | UOM | Quantity | UOM | Price | Amount |
|---|---|---|---|---|---|---|
| TOTE ORGANIC BABY | | | | | | |
| GREEN ROMAINE TOTE F'N HEALTHY ORG 35'S | 320 | tote | 5186 | lb | 1.03 | 5,341.58 |
| MIZUNA TOTE F'N HEALTHY ORG 35'S | 104 | tote | 1688 | lb | 1.08 | 1,823.04 |
| RED OAK TOTE F'N HEALTHY ORG 35'S | 156 | tote | 2527 | lb | 1.08 | 2,729.16 |
| RED ROMAINE TOTE F'N HEALTHY ORG 35'S | 80 | tote | 1296 | lb | 1.08 | 1,399.68 |
| TANGO TOTE F'N HEALTHY ORG 35'S | 80 | tote | 1296 | lb | 1.08 | 1,399.68 |
| GREEN OAKS TOTE F'N HEALTHY ORG 35'S | 200 | tote | 3240 | lb | 1.08 | 3,499.20 |
| PRICE ADJUSTMENT | 208 | tote | 3370 | lb | 1.08 | 3,639.60 |
| INVOICE TOTAL: | | | 18603 | | | .83 |
| RECEIVING TICKET # 29384 (NO PO NUMBER) | 1148 | | 18603 | | | 19,832.77 |

There will be a 1 1/2% per month (effective 18% per annum) service charge on all accounts 30 days
past due.
CDFA # 40-0749

**· Please return a copy of this invoice with your remittance · Thank You**
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural
Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other
products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

OCEANO PACKING COMPANY LLC
P.O. BOX 929
OCEANO CA 93475-0929

# INVOICE

Invoice #: 100426
Invoice: Jun 26, 2007
Ship: Jun 26, 2007
Pay Terms: 25 DAYS

Sold To: FRESH 'N HEALTHY FARMS
P.O. BOX 2317
HOLISTER CA 95024

Ship To: FRESH 'N HEALTHY FARMS
1600 CIATION WAY
HOLISTER CA 95024

| | | Page 1 of 1 |
|---|---|---|
| Sale Terms: FOB | Salesperson: OCEANO PACKING | Carrier: |
| Order: Jun 26, 2007 | Via: Truck | Trailer lic:          St: |
| Cust PO: | Currency: USD | Broker: |

| Description | Quantity | UOM | Quantity | UOM | Price | Amount |
|---|---|---|---|---|---|---|
| TOTE ORGANIC BABY | | | | | | |
| GREEN ROMAINE TOTE F'N HEALTHY ORG 35'S | 520 | tote | 7878 | lb | 1.03 | 8,114.34 |
| MIZUNA TOTE F'N HEALTHY ORG 35'S | 104 | tote | 1576 | lb | 1.08 | 1,702.08 |
| RED OAK TOTE F'N HEALTHY ORG 35'S | 156 | tote | 2363 | lb | 1.08 | 2,552.04 |
| TANGO TOTE F'N HEALTHY ORG 35'S | 156 | tote | 2363 | lb | 1.08 | 2,552.04 |
| RED ROMAINE TOTE F'N HEALTHY ORG 35'S | 208 | tote | 3152 | lb | 1.08 | 3,404.16 |
| REDINA TOTE F'N HEALTHY ORG 35'S | 104 | tote | 1576 | lb | 1.08 | 1,702.08 |
| PRICE ADJUSTMENT | 104 | tote | 1576 | lb | 1.08 | 1,702.08 |
| INVOICE TOTAL: | | | 20484 | | | -.43 |
| REC TICKET # 29389 ( NO PO #)  6/26/07 | 1352 | | 20484 | | | 21,728.39 |

There will be a 1 1/2% per month (effective 18% per annum) service charge on all accounts 30 days
past due.
CDFA # 40-0749

·Please return a copy of this invoice with your remittance - Thank You

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural
Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other
products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

OCEANO PACKING COMPANY LLC
P.O. BOX 829
OCEANO CA 93475-0929

# INVOICE

Invoice #: 100443
Invoice: Jun 30, 2007
Ship: Jun 30, 2007
Pay Terms: 25 DAYS

Sold To: FRESH 'N HEALTHY FARMS
P.O. BOX 2317
HOLISTER CA 95024

Ship To: FRESH 'N HEALTHY FARMS
1600 CIATION WAY
HOLISTER CA 95024

| | | |
|---|---|---|
| Sale Terms: FOB | Salesperson: OCEANO PACKING | Carrier: | Page 1 of 1 |
| Order: Jun 30, 2007 | Via: Truck | Trailer lic: | St: |
| Cust PO: | Currency: USD | Broker: | |

| Description | Quantity | UOM | Quantity | UOM | Price | Amount |
|---|---|---|---|---|---|---|
| TOTE F'N HEALTHY ORG 35'S BABY | 1044 | tote | 12192 | lb | 1.03 | 12,557.76 |
| PRICE ADJUSTMENT | | | 12192 | | | .41 |
| INVOICE TOTAL: | 1044 | | 12192 | | | 12,558.17 |

**Please return a copy of this invoice with your remittance - Thank You**
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

OCEANO PACKING COMPANY LLC
P.O. BOX 929
OCEANO CA 93475-0929

# INVOICE

Invoice #:  100429
Invoice:    Jul 02, 2007
Ship:       Jul 02, 2007
Pay Terms: 25 DAYS

Sold To: FRESH 'N HEALTHY FARMS
P.O. BOX 2317
HOLISTER CA 95024

Ship To: FRESH 'N HEALTHY FARMS
1600 CIATION WAY
HOLISTER CA 95024

| | | | Page 1 of 1 |
|---|---|---|---|
| Sale Terms:  FOB | Salesperson: OCEANO PACKING | Carrier: | |
| Order: Jul 02, 2007 | Via:  Truck | Trailer lic: | St: |
| Cust PO: | Currency: USD | Broker: | |

| Description | Quantity | UOM | Quantity | UOM | Price | Amount |
|---|---|---|---|---|---|---|
| TOTE F'N HEALTHY ORG 35'S BABY | | | | | | |
| GREEN ROMAINE TOTE F'N HEALTHY ORG 35'S | 728 | tote | 9379 | lb | 1.03 | 9,660.37 |
| MIZUNA TOTE F'N HEALTHY ORG 35'S | 104 | tote | 1345 | lb | 1.08 | 1,452.60 |
| TANGO TOTE F'N HEALTHY ORG 35'S | 104 | tote | 1340 | lb | 1.08 | 1,447.20 |
| GREEN OAKS TOTE F'N HEALTHY ORG 35'S | 208 | tote | 2680 | lb | 1.08 | 2,894.40 |
| ARUGULA TOTE F'N HEALTHY ORG 35'S | 104 | tote | 1340 | lb | 1.08 | 1,447.20 |
| PRICE ADJUSTMENT | 104 | tote | 1340 | lb | 1.08 | 1,447.20 |
| | | | 17424 | | | -.54 |
| INVOICE TOTAL: | 1352 | | 17424 | | | 18,348.43 |

There will be a 1 1/2 % per month (effective 18% per annum) service charge on all accounts 30 days past due.
CDFA # 40-0749

*Please return a copy of this invoice with your remittance - Thank You*

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

OCEANO PACKING COMPANY LLC
P.O. BOX 929
OCEANO CA 93475-0929

# INVOICE

Invoice #: 417
Invoice: Nov 14, 2007
Ship: Nov 14, 2007
Pay Terms: 25 DAYS

Sold To: FRESH 'N HEALTHY FARMS
P.O. BOX 2317
HOLISTER CA 95024

Ship To: FRESH 'N HEALTHY FARMS
1600 CIATION WAY
HOLISTER CA 95024

| | | | | | Page 1 of 1 |
|---|---|---|---|---|---|
| Sale Terms: FOB | Salesperson: OCEANO PACKING | | Carrier: PETTERVILLE | | |
| Order: Nov 14, 2007 | Via: Truck | | Trailer lic: 9D19774 | St: CA | |
| Cust PO: 417 | Currency: USD | | Broker: | | |

| Description | Quantity | UOM | Quantity | UOM | Price | Amount |
|---|---|---|---|---|---|---|
| TOTE ORGANIC 40'S BABY | | | | | | |
| GREEN ROMAINE TOTE ORGANIC 40'S | 480 | tote | 8570 | lb | 1.15 | 9,855.50 |
| LOLLA ROSSA TOTE ORGANIC 40'S | 120 | tote | 1835 | lb | 1.15 | 2,110.25 |
| MIZUNA TOTE ORGANIC 40'S | 40 | tote | 520 | lb | 1.15 | 598.00 |
| RED ROMAINE TOTE ORGANIC 40'S | 120 | tote | 1575 | lb | 1.15 | 1,811.25 |
| REDINA TOTE ORGANIC 40'S | 80 | tote | 832 | lb | 1.15 | 956.80 |
| RED CHARD TOTE ORGANIC 40'S | 80 | tote | 1159 | lb | 1.15 | 1,332.85 |
| TANGO TOTE ORGANIC 40'S | 120 | tote | 1714 | lb | 1.15 | 1,971.10 |
| TEMPERATURE RECORDER | 80 | tote | 1186 | lb | 1.15 | 1,363.90 |
| INVOICE TOTAL: | | | | | 23.50 | 23.50 |
| CDFA # 40-0749 | 1120 | | 17391 | | | 20,023.15 |

There will be a 1 1/2% per month (effective 18% per month) service charge on all accounts 30 days past due.

*Please return a copy of this invoice with your remittance - Thank You*
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

OCEANO PACKING COMPANY LLC
P.O. BOX 829
OCEANO CA 93475-0929

# INVOICE

Invoice #: 423
Invoice: Nov 19, 2007
Ship: Nov 19, 2007
Pay Terms: 26 DAYS

Sold To: FRESH 'N HEALTHY FARMS
P.O. BOX 2317
HOLISTER CA 95024

Ship To: FRESH 'N HEALTHY FARMS
1600 CIATION WAY
HOLISTER CA 95024

| Sale Terms: FOB | Salesperson: OCEANO PACKING | Carrier: | Page 1 of 1 |
| Order: Nov 19, 2007 | Via: Truck | Trailer lic: | St: |
| Cust PO: 423 | Currency: USD | Broker: | |

| Description | Quantity | UOM | Quantity | UOM | Price | Amount |
|---|---|---|---|---|---|---|
| TOTE ORGANIC BABY | 480 | tote | 8916 | lb | 1.15 | 10,253.40 |
| LOLLA ROSSA TOTE ORGANIC 40'S | 80 | tote | 1486 | lb | 1.15 | 1,708.90 |
| RED ROMAINE TOTE ORGANIC 40'S | 80 | tote | 1486 | lb | 1.15 | 1,708.90 |
| REDINA TOTE ORGANIC 40'S | 80 | tote | 1486 | lb | 1.15 | 1,708.90 |
| RED CHARD TOTE ORGANIC 40'S | 80 | tote | 1486 | lb | 1.15 | 1,708.90 |
| INVOICE TOTAL: | 800 | | 14860 | | | 17,089.00 |

CDFA 40-0749

There will be a 1 1/2% per month (effective 18% per annum) service charge on all accounts 30 days past due.

*Please return a copy of this invoice with your remittance - Thank You*
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.