Effie F. Anastassiou, Esq. (SBN 96279)
Scott J. Allen (State Bar #178925)
Denis Klavdianos, Esq. (SBN 225925)
ANASTASSIOU & ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for OCEANO PACKING COMPANY, LLC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, COMERICA BANK and DOES 2 through 50, inclusive,<br><br>Defendants | Case No. C08-00122JF<br><br>**OCEANO PACKING COMPANY, LLC'S OBJECTION TO STIPULATION TO MODIFY PRELIMINARY INJUNCTION** |

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF        1        Objection to Stipulation to Modify
Preliminary Injunction

|   |   |   |
|---|---|---|
| 1 | OCEANO PACKING COMPANY, LLC, a California limited liability company, | ) ) ) |
| 2 |   | ) |
| 3 | Intervening Plaintiff, | ) ) ) |
| 4 | v. | ) ) |
| 5 | FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a California limited liability company; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST; CARTER TRUST; and COMERICA BANK, a Texas Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| 16 | Defendants. | ) ) |
| 17 |   | ) ) |

18   Intervening Plaintiff, Oceano Packing Company, LLC ("Oceano"), hereby objects to the "Stipulation to Modify Preliminary Injunction" (Docket Number 20) (the "Stipulation") filed by some of the parties in this case on February 25, 2008.

## BACKGROUND

1. Concurrent with this Objection, Oceano is filing a Motion for Intervention (the "Motion") in this case, in which Oceano seeks leave of this Court to intervene as an additional plaintiff. Like the original Plaintiffs in this case, ASA Farms, Inc. and Braga Ranch (hereafter collectively referred to as "ASA"), Oceano brings claims against the Defendants pursuant to the Perishable Agricultural Commodities Act ("PACA"). Oceano alleges that the Defendants owe Oceano approximately $101,127.39 for produce purchased from Oceano by Defendant Fresh 'N Healthy, Inc. ("Fresh") in 2007.

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF                2                Objection to Stipulation to Modify
                                                         Preliminary Injunction

2.      On January 29, 2008, this Court issued an "Order Granting [ASA's] Motion for Preliminary Injunction" (the "Order")(Docket Number 19). Among other things, the Order enjoins and restrains Defendant Fresh, and "its agents, officers, directors, subsidiaries, assigns and banking institutions and all persons in active concert or participation with them ... [from] dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of PACA", unless said persons "can prove that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products." Order at 2:6-17.

3.      On February 25, 2008, ASA, Fresh and Defendant Comerica Bank ("Comerica"), Fresh's banking institution, filed the Stipulation, which seeks to modify the Order by allowing Fresh to sell certain assets and to place the proceeds of the proposed sale into a segregated account with Comerica. The assets to be sold pursuant to the Stipulation are: (1) substantially all of the equipment of Fresh located in Gilroy and El Centro, California, as well as trade names and labels owned by Fresh; and (2) substantially all of the equipment and vehicles located at a place called Gilroy Machine. Stipulation, at Exhibit A. The assets described in item (1) are to be sold to Ashman Company, an auctioneer located in Walnut Creek, California, for $525,000.00. The assets listed in item (2) are to be sold to an individual, Ray Nava, for $60,000.00.

## BASES FOR OBJECTION

4.      Oceano objects to the proposed sale of assets, as outlined in the Stipulation, for the following reasons:

      A.      There is no evidence presented in the Stipulation to meet Fresh's burden of proving that the assets are not derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

      B.      There is no evidence that the prices at which the assets are to be sold represent fair or equitable value for the assets. For example, there is no evidence that an appraisal has been conducted of any of the assets. Nor is there any evidence that there has been any advertisement made for the sale of the assets to prospective purchasers in the agricultural community who may wish to buy the assets.

      C.      Ashman Company, the proposed purchaser of the vast majority of the assets which are proposed to be sold, is an auctioneer, not an agricultural company, and is therefore unlikely to use the assets. Instead, Ashman Company will most likely simply re-sell the assets, possibly at a significant profit (a profit that should be used to benefit the PACA trust creditors rather than third parties). Moreover, based on

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF                                3                          Objection to Stipulation to Modify
                                                                                    Preliminary Injunction

information Oceano has previously obtained, Oceano believes that Ashman Company is likely to re-sell the assets to one or more "responsibly connected parties" or insiders within Fresh.

D. There is no provision in the Stipulation requiring that the creditors, including PACA and non-PACA creditors alike, be given notice of the intended sale of the assets, and be given the ability to object to the sale, or to submit alternative bids for the purchase of the assets.

## CONCLUSION

For the reasons stated above, Oceano respectfully requests that the Court deny the proposed stipulation. It is the position of Oceano that the Stipulation does not adequately protect the interests of Oceano or other PACA creditors of Fresh.

Dated: February 27, 2008

ANASTASSIOU & ASSOCIATES

_____
Effie F. Anastassiou, Esq.
Attorneys for Intervening Plaintiff
OCEANO PACKING COMPANY, LLC

ASA v. Fresh 'N Healthy, Inc., et al.
Case Number: C08-00122JF

4

Objection to Stipulation to Modify
Preliminary Injunction