Effie F. Anastassiou, Esq. (SBN 96279)
Scott J. Allen (State Bar #178925)
Denis Klavdianos, Esq. (SBN 225925)
ANASTASSIOU & ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for OCEANO PACKING COMPANY, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH<br><br>Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, COMERICA BANK and DOES 2 through 50, inclusive,<br><br>Defendants | Case No. C08-00122JF<br><br>DECLARATION OF SCOTT J. ALLEN IN SUPPORT OF OCEANO PACKING CO., LLC'S EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON OCEANO'S MOTION TO INTERVENE<br><br><br>DATE: April 4, 2008<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 3, 5th Floor<br>JUDGE: Judge Jeremy Fogel |

I, Scott J. Allen, hereby declare as follows:

1. I am an attorney at law licensed to practice in the State of California and before this Court. I am an attorney for OCEANO Packing Company, LLC ("OCEANO") herein. The matters stated in this declaration are within my personal knowledge except where I indicate that such matters are stated based on my information and belief.

2. OCEANO requests that the Court issue an order shortening time for hearing on OCEANO's Motion to Intervene (the "Motion") in this case. It is necessary to shorten time for hearing on the Motion in order to expeditiously allow OCEANO to become a party to this case and thereby protect its interests. As described more fully below, OCEANO would be prejudiced if the order to shorten time is not granted.

3. In brief, OCEANO needs to have its Motion to Intervene decided as soon as possible in order to adequately protect its trust rights under the Perishable Agricultural Commodities Act ("PACA") against the Defendants in this case. Among other things, OCEANO seeks to become a party in order to formally object to the proposed sale of assets of Defendant, Fresh 'N Healthy, Inc. ("FRESH"), and/or to seek to enjoin or restrain the proposed sale. OCEANO believes that the proposed sale threatens to diminish the assets of FRESH that are subject to the PACA trust, thereby prejudicing OCEANO's rights and interests as a PACA creditor. I discovered today, February 28, 2008, that the proposed sale of Fresh's assets is scheduled to occur on March 11, 2008.[1] OCEANO requests that the Motion be heard by March 7, 2008 so that OCEANO will have sufficient time following the hearing to file a formal objection to the sale of assets or to seek to restrain or enjoin the sale. Therefore, OCEANO proposes the following briefing and hearing schedule for the Motion:

| | |
|---|---|
| A. OCEANO filed the Motion: | February 27, 2008 |
| B. Oppositions, if any, to be filed: | On or before March 4, 2008 |
| C. OCEANO's Reply to be filed: | On or before March 6, 2008 |
| D. Hearing on the Motion: | March 7, 2008 |

4. OCEANO filed its Motion on February 27, 2008. As described in the Motion, OCEANO seeks

---

[1] Attached hereto as **Exhibit "A"** is a true and correct copy of a flyer published by Ashman Company, auctioneers, announcing that an auction to sell Fresh's assets will occur on March 11, 2008 at 11:00 a.m.. I discovered the flyer attached as Exhibit A for the first time today, February 28, 2008.

to intervene in this case in order to assert a claim against the Defendants pursuant to PACA. OCEANO claims that the Defendants owe OCEANO approximately $101,127.39 for produce purchased by FRESH from OCEANO in 2007.

5. The Motion argues that OCEANO may intervene as a matter of right pursuant to Fed.R.Civ.P. 24(a)(2) because OCEANO, as a PACA creditor of FRESH, claims an "interest relating to the property . . . that is the subject of" this action, and that disposing of this action may as a practical matter impair or impede OCEANO's ability to protect its interests as a PACA creditor. More specifically, OCEANO claims an interest relating to the assets of FRESH, which are presumptively subject to the PACA trust, which exists for the benefit of PACA claimants such as OCEANO.

6. In a letter dated January 16, 2008, my law firm notified Defendants FRESH and Comerica Bank ("Comerica") of the PACA claims asserted by OCEANO. A true and correct copy of that letter is attached hereto as **Exhibit "B"** and incorporated herein by reference.

7. On January 22, 2008, I sent a letter to FRESH and FRESH's counsel, once again notifying FRESH of OCEANO's PACA claim and OCEANO's claim of priority to the assets of FRESH based on its status as a PACA creditor. A true and correct copy of my January 22, 2008 letter is attached hereto as **Exhibit "C"** and incorporated herein by reference.

8. On or shortly after January 29, 2008, I learned that this Court had issued its Order Granting Plaintiff's Motion for Preliminary Injunction (Docket Number 19)(the "Injunction") in this case. The Injunction enjoins and restrains Defendant FRESH, and "its agents, officers, directors, subsidiaries, assigns and banking institutions and all persons in active concert or participation with them . . . [from] dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of PACA", unless said persons "can prove that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products." Injunction at 2:6-17.

9. On several occasions following the entry of the Injunction, I spoke by telephone with Stephen O'Neill, counsel for FRESH. During those conversations, Mr. O'Neill told me that he believed that FRESH would be filing bankruptcy in the near future. I confirmed my understanding that FRESH would most likely be filing bankruptcy in a letter to Mr. O'Neill dated February 8, 2008, a true and correct copy

of which is attached hereto as **Exhibit "D"** and incorporated herein by reference.

10. Based on Mr. O'Neill's repeated representations that FRESH would be filing bankruptcy in the near future, OCEANO refrained from filing a PACA complaint in this Court. In light of Mr. O'Neill's representations, OCEANO believed that filing a lawsuit in this Court would be a waste of time and money because any filing in this Court would become subject to the automatic stay created by FRESH's bankruptcy and that OCEANO's PACA claim would ultimately be resolved as a claim to FRESH's assets in the bankruptcy.

11. I also sent a copy of my February 8, 2008 letter (**Exhibit "D"** hereto) to counsel for Comerica and counsel for Plaintiffs, ASA Farms, Inc. and Braga Ranch (collectively "ASA"). In that letter, I told said counsel that our firm viewed the Injunction issued by this Court as protecting all PACA creditors, including OCEANO, against dissipation of the assets of the PACA trust. My letter also requested that, "If FRESH or any other party intend to take, or agree to, any action that is not authorized by the [Injunction], please notify this firm immediately so that OCEANO can take appropriate action to protect its interests."

12. On February 27, 2008, I first discovered that FRESH, Comerica and ASA had entered into a "Stipulation to Modify Preliminary Injunction" (Docket Number 20) (the "Stipulation"). A true and correct copy of the Stipulation is attached hereto as **Exhibit "E"**. My staff alerted me to the Stipulation after they checked the docket in this case on PACER.

13. The Stipulation seeks to modify the Injunction by allowing FRESH to sell certain assets and to place the proceeds of the proposed sale into a segregated account with Comerica. The assets to be sold pursuant to the Stipulation are: (1) substantially all of the equipment of FRESH located in Gilroy and El Centro, California, as well as trade names and labels owned by FRESH; and (2) substantially all of the equipment and vehicles located at a place called Gilroy Machine. Stipulation, at Exhibit A. The assets described in item (1) are to be sold to Ashman Company, an auctioneer located in Walnut Creek, California, for $525,000.00. The assets listed in item (2) are to be sold to an individual, Ray Nava, for $60,000.00.

14. Despite my request, set forth in my letter dated February 8, 2008, that I be notified if any of the parties intended to take, or agree to take, any action that is not authorized by the Injunction, none of the parties to the Stipulation notified me or any other attorney at my law firm about the Stipulation before

it was filed.

15. I was also shocked to learn that FRESH had undertaken the actions described in the Stipulation rather than filing for bankruptcy. As noted above, since about January 29, 2008, Stephen O'Neill, FRESH's counsel, had repeatedly assured me that FRESH intended to file for bankruptcy in the near future.

16. OCEANO objects to the proposed sale of FRESH's assets described in the Stipulation. The grounds for OCEANO's objections include, but are not necessarily limited to, the following:

    A.    There is no evidence presented in the Stipulation to meet FRESH's burden of proving that the assets are not derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

    B.    There is no evidence presented with the Stipulation showing that the prices at which the assets are to be sold represent fair or equitable value for the assets. The fact that the Stipulation requires that the proceeds of the sale be placed in a segregated account with Comerica does not negate the potential prejudice to creditors created by the sale of the assets for a price that may be significantly below fair or equitable market value. The Court should be satisfied, <u>based on evidence</u>, that any sale of assets will yield fair or equitable market value to be made available for creditors before any sale of FRESH's assets is allowed.

    C.    Ashman Company, the proposed purchaser of the vast majority of the assets which are proposed to be sold, is an auctioneer, not an agricultural company, and is therefore unlikely to use the assets. Ashman Company will most likely simply re-sell the assets, possibly at a significant profit (a profit that should be used to benefit the PACA trust creditors rather than third parties). Moreover, OCEANO believes that Ashman Company may re-sell the assets to one or more "responsibly connected parties" or insiders within FRESH.

    D.    There is no provision in the Stipulation requiring that the creditors, including PACA and non-PACA creditors alike, be given notice of the intended sale of the assets, and be given the ability to object to the sale, or to submit alternative bids or

find alternative buyers for the purchase of the assets.

17. OCEANO seeks to intervene in this case so that it can adequately protect its interests as a PACA creditor of FRESH and the other Defendants. OCEANO believes it is apparent that ASA – who are currently the only plaintiffs in this case – are unlikely to adequately protect OCEANO's interests as a PACA creditor, including protecting the assets of the PACA trust from dissipation or depletion. ASA did not notify OCEANO concerning any matters relating to the Stipulation, despite my request that they do so on February 8, 2008.

18. OCEANO seeks to have its Motion heard on shortened time so that it can seek to be made a party to this case as soon as possible, so that it can formally object to the sale of FRESH's assets, and/or so that OCEANO can seek a restraining order or injunction to prevent the sale of FRESH's assets in contravention of PACA.

19. If OCEANO's application to have the Motion heard on shortened time is not granted, OCEANO will be prejudiced. If the Motion is not heard on shortened time and OCEANO is unable to become a party to this action before the sale of the assets occurs, OCEANO may be unable to formally object to the Stipulation before FRESH's assets are sold. The sale of assets according to the Stipulation is likely to deplete the PACA trust or otherwise deplete the assets of FRESH available to satisfy creditors, and thus could severely prejudice OCEANO's PACA claims.

20. Before filing OCEANO's application to shorten time for hearing of the Motion, I sent a letter to counsel for ASA, FRESH, and Comerica in which I requested that those parties stipulate to OCEANO's request for shortened time. A copy of the letter I sent to said counsel on February 27, 2008 is attached hereto as **Exhibit "F"** and incorporated herein by reference. As of the time this declaration was executed, I have not received agreement to the proposed stipulation from said counsel.

21. For the reasons described herein, OCEANO respectfully requests that the Court shorten time for hearing of OCEANO's Motion to Intervene.

//

//

1  I declare under penalty of perjury under the laws of the State of California that the foregoing is true
2  and correct.
3  Dated: 2/28/08

   Scott J. Allen

5  F:\OCA\Fresh 'N Healthy\Pleadings\Motion to Intervene\Ex Parte Ap\DecofSJA in Support of ExParte.wpd