STEPHEN T. O'NEILL (115132)
ROBERT A. FRANKLIN (091653)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: soneill@murraylaw.com
Email: rfranklin@murraylaw.com

Attorneys Specially Appearing for Defendant
Fresh 'N Healthy, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>　　　　Plaintiff(s).<br><br>　　v.<br><br>FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, and DOES 1 through 50, inclusive,<br><br>　　　　Defendant(s). | Case No. C08-00122 PVT<br><br>**DEFENDANT'S RESPONSE TO OBJECTION TO STIPULATION TO MODIFY PRELIMINARY INJUNCTION** |

Defendant Fresh 'N Healthy, Inc. ("Defendant") herein submits this RESPONSE TO OBJECTION TO STIPULATION TO MODIFY PRELIMINARY INJUNCTION ("Objection") filed by Oceano Packing Company, LLC, as follows:

## I. INTRODUCTION.

Defendant has terminated its operations and is cooperating with its major secured creditor, Comerica Bank ("Comerica Bank") in liquidating its assets, in which Comerica asserts a first priority security interest, for the benefit of creditors. Comerica has agreed to allow sales of its collateral; namely certain processing and farm equipment owned by the Defendant (the "Sale Assets"). Plaintiff ASA Farms, LLC is a grower and has filed the subject complaint against the Defendant asserting a claim and a lien under the Perishable Agricultural Commodities Act ("PACA") in assets subject to a PACA lien. At Plaintiff's request, this Court issued its Preliminary Injunction precluding the Defendant from selling its assets pending further order of the Court. Rather than losing the opportunity to sell the Sale Assets at a favorable price, Plaintiff, Defendant and Comerica entered into a stipulation that allowed the sale to be consummated with the proceeds (the "Sale Proceeds") into an escrow account pending resolution of the competing claims of Plaintiff and Comerica to the Sale Proceeds.

The proposed Plaintiff in intervention, Oceano Packing Company, LLC ("Oceano") also apparently claims a PACA lien in the Sale Assets. The Defendant has no objection to Oceano becoming a party to the stipulation and make its claim to the Sale Proceeds in a further proceeding. Instead, Oceano has objected to the stipulation, contending without any evidence and on "information and belief" that the Sale Assets are being sold for a less than reasonable value. In fact, and as demonstrated in the concurrently filed Declaration of Russell K. Burbank in response to the Objection, the Sale Assets have been extensively and fairly marketed and that both transactions are fair, arms length transactions representing the maximum value of these assets at this time. Further, the Sale Assets have been marketed with the cooperation and consent of Comerica, which has every incentive to maximize the value of the Defendant's assets to satisfy its $4 million claim.

Further, the proposed sale price of almost $600,000 exceeds the aggregate claims of the Plaintiff and Oceano thus affording them complete protection even if the Court decides that the

proceeds are subject to a PACA lien. Given the complete lack of evidence to the contrary and in light of the Stipulation between parties all of which are motivated to obtain the best price possible for the Sale Assets, the Objection should be overruled.

## II. THE STIPULATION SHOULD BE APPROVED

Defendant is a processor and seller of, among other things, perishable agricultural products. Due to its current financial condition, it has been forced to terminate its operations. The Defendant owes over $4 million to Comerica which has a valid security interest in all of the Defendant's assets, pursuant to that certain Security Agreement and perfected by that certain UCC Financing Statement filed with the Delaware Secretary of State on March 20, 2007, No. 2007-1131878. The Defendant's other creditors include growers, at least two of which assert claims against the Defendant under the Perishable Agricultural Commodities Act ("PACA").

As set forth in the DECLARATION OF RUSSELL K. BURBANK (the "Burbank Declaration") filed concurrently herewith, the Defendant retained the firm of BURR, PILGER & MAYER, LLP ("BPM") in November of 2007 in connection with its financial difficulties to advise the Defendant of the potential of a turnaround and failing that, to assist it in the marketing and liquidation of its assets and the wind-down and close of its business. Pursuant to this assignment, BPM has, since January 8, 2008, conducted an extensive marketing effort to sell the assets of the Defendant to its competitors or other interested parties. As a result, Defendant has been successful in reaching agreement with respect to two sales: (i) a sale substantially all of the Defendant's farming and processing equipment to an auctioneering company for $525,000; and (ii) sale of substantially all of Defendant's machining equipment to Raymond Nava for $60,000.

BPM is an organization providing accounting, tax and other consulting services to its clients. Of relevance here, BPM's consulting services consists of business valuation, litigation consulting, bankruptcy, due diligence, liquidation, turn-around and equity development. BPM provides integrated services to maximize a company's liquidation value. The principal partner on the project, Russell K. Burbank, has over 30 years of business management experience, and over 20 years of corporate renewal and process improvement experience, serving a variety of public and private firms and has also acted as financial advisor to institutions. Mr. Burbank has participated in

overseeing and handling over 20 assignments involving liquidation of a company's assets to maximize the value for its creditors and owners.

With Comerica's cooperation and consent, BPM initiated an extensive marketing effort with respect to the sale of the debtor's assets, including its processing equipment. In an effort to ensure that this equipment was sold at a fair value, BPM solicited eight (8) fresh produce processors who BPM believed were competitors of the Defendant and who BPM thought might have an interest in purchasing the equipment.

BPM next solicited proposals from professional auctioneers to auction the equipment. Two competing proposals were received to auction the Defendant's equipment. One of the auctioneers, Ashman Company ("Ashman"), quoted a fixed price and assumed all of the risks of the auction to be held on the Defendant's site in Gilroy on March 11. The competing bidder, Martella Auction Co. Inc. ("Martella") declined to quote a fixed price auction although it believed the Defendant's equipment would sell for $600,000 at an auction, less certain costs to refurbish the equipment. As more fully stated in the Burbank Declaration filed concurrently herewith, because this bidder was not willing to meet the fixed price quote of Ashman and because of other circumstances surrounding the timing and location of the auction, the Defendant and Comerica agreed that Ashman was the best offer. Comerica certainly has a compelling economic interest in obtaining as much value as possible from these assets and its consent to the sale is the best evidence of the value of these assets.

In addition, as a practical matter, the proposed aggregate sale price of the assets exceeds the amounts claimed by Oceano and Plaintiff as being owed to them by the Defendant. In that regard, it shouldn't matter to either grower whether additional sums could be obtained. If indeed their PACA liens attach to these assets as a first priority interest, senior to Comerica, they are protected and presumably would be paid in full from those proceeds. If, as the Defendant believes, these assets are not subject to a PACA lien and instead are assets subject to Comerica's first priority interest, the growers are not harmed by the sale as the $4 million Comerica debt far exceeds the proceeds realizable from these assets.

Oceano submits no evidence in support of its contention, which flies in the face of the extensive marketing effort identified above, as well as the consent of both the Plaintiff and Comerica

to the sales, both of whom have every incentive to maximum the value of the Defendant's assets for their benefit. The Objection is without merit and the court should enter its order based upon the stipulation reached between the parties in this lawsuit. Defendant has no objection to the inclusion of Oceano as a party to the stipulation should it so desire.

Dated: March 4, 2008

**MURRAY & MURRAY**
A Professional Corporation

By: */s/ Robert A. Franklin*
    Robert A. Franklin
    Attorneys for Defendant Fresh 'N Healthy
    (Specially Appearing)