Terrence R. O'Connor (State Bar No. 88004)
NOLAND, HAMERLY, ETIENNE & HOSS
A Professional Corporation
333 Salinas Street
Post Office Box 2510
Salinas, California 93902-2510
Telephone:    (831) 424-1414
Facsimile:    (831) 424-1975

Attorneys for Defendant JACK PARSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; CHAD HAGEN, an individual; SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a business entity form unknown; n individual; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTINO, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST and CARTER TRUST, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C08-00122 JF<br><br>**ANSWER TO COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA")**<br><br>[7 U.S.C. § 449e, et seq.]<br><br>Judge:  Honorable Jeremy Fogel<br><br>Complaint Filed: January 8, 2008<br><br>TRIAL DATE:   NONE ASSIGNED. |

ANSWER TO ("PACA") COMPLAINT BY JACK PARSON
*ASA Farms, Inc./Braga Ranch v. Fresh 'N Healthy, Inc., et al.*/Case No. No. C08-00122 JF

Defendant JACK PARSON ("Defendant"), severing himself from all other answering Defendants, answers the Complaint on file as follows:

## JURISDICTION AND VENUE

1. In response to Paragraph 1 of the Complaint, Defendant admits that this court has jurisdiction over PACA claims.

2. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 2 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 2 of the Complaint.

3. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 3 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that he is a shareholder of Defendant Fresh 'N Healthy. Defendant denies generally and specifically the remaining allegations contained in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

NOLAND, HAMERLY, ETIENNE & HOSS
ATTORNEYS AT LAW
SALINAS, CALIFORNIA

19662\000\392443.1:31008

2

ANSWER TO ("PACA") COMPLAINT BY JACK PARSON
*ASA Farms, Inc./Braga Ranch v. Fresh 'N Healthy, Inc., et al.*/Case No. No. C08-00122 JF

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint does not call for a response by this Defendant.

27. Defendant denies that he was an "insider" as described in Paragraph 27 of the Complaint. Defendant lacks sufficient information or belief as to the remaining subject matters set forth in Paragraph 27 of the Complaint and, on those grounds, denies generally and specifically the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 28 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 29 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 29 of the Complaint.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Fresh)

30. In response to Paragraph 30 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 29 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 32 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 32 of the Complaint. In further response to

///

19662\000\392443.1:31008                     3

ANSWER TO ("PACA") COMPLAINT BY JACK PARSON
*ASA Farms, Inc./Braga Ranch v. Fresh 'N Healthy, Inc., et al.*/Case No. No. C08-00122 JF

NOLAND, HAMERLY, ETIENNE & HOSS
ATTORNEYS AT LAW
SALINAS, CALIFORNIA

Paragraph 32, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

33. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 33 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 33 of the Complaint. In further response to Paragraph 33, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

34. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 34 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 34 of the Complaint. In further response to Paragraph 34, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

35. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 35 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 35 of the Complaint. In further response to Paragraph 35, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

36. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 36 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 36 of the Complaint. In further response to Paragraph 36, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

37. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 37 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 37 of the Complaint. In further response to Paragraph 37, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

///

19662\000\392443.1:31008

4

ANSWER TO ("PACA") COMPLAINT BY JACK PARSON
*ASA Farms, Inc./Braga Ranch v. Fresh 'N Healthy, Inc., et al.*/Case No. No. C08-00122 JF

38. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 38 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 38 of the Complaint. In further response to Paragraph 38, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

39. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 39 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 39 of the Complaint. In further response to Paragraph 39, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

40. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 40 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 40 of the Complaint. In further response to Paragraph 40, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

41. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 41 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 41 of the Complaint. In further response to Paragraph 41, Defendant alleges that as of November 9, 2007, this answering Defendant was no longer employed by Defendant Fresh 'N Healthy.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

42. In response to Paragraph 42 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 41 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

/ / /

/ / /

19662\000\392443.1:31008

5

ANSWER TO ("PACA") COMPLAINT BY JACK PARSON
*ASA Farms, Inc./Braga Ranch v. Fresh 'N Healthy, Inc., et al.*/Case No. No. C08-00122 JF

43. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 43 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 43 of the Complaint.

44. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 44 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 44 of the Complaint.

45. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 45 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 45 of the Complaint.

46. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 46 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 46 of the Complaint.

47. In response to Paragraph 47 of the Complaint, Defendant denies generally and specifically that he is a statutory trustee. Furthermore, Defendant lacks sufficient information or belief as to the other subject matters set forth in Paragraph 47 of the Complaint and, on those grounds, denies generally and specifically each and every other allegation contained in Paragraph 47 of the Complaint.

48. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 48 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 48 of the Complaint.

49. Defendant denies generally and specifically each and every allegation contained in Paragraph 49 of the Complaint.

50. Defendant denies generally and specifically each and every allegation contained in Paragraph 50 of the Complaint.

/ / /

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

**(For Violation of Perishable Agricultural Commodities Act: Failure to Account and Pay Promptly Against All Defendants)**

51. In response to Paragraph 51 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 50 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

52. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 52 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 52 of the Complaint

53. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 53 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 53 of the Complaint.

## FOURTH CAUSE OF ACTION

**(For Injunctive and/or Temporary Restraining Order Against All Defendants)**

54. In response to Paragraph 54 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 53 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

55. In response to Paragraph 55 of the Complaint, Defendant alleges that the provisions of PACA, specifically 7 U.S.C. Section 449a, et seq., and 499e(c)(1) through (4), inclusive, speak for themselves.

56. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 56 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 56 of the Complaint.

57. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 57 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 57 of the Complaint.

19662\000\392443.1:31008

7

ANSWER TO ("PACA") COMPLAINT BY JACK PARSON
*ASA Farms, Inc./Braga Ranch v. Fresh 'N Healthy, Inc., et al.*/Case No. No. C08-00122 JF

58. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 58 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 58 of the Complaint.

59. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 59 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 59 of the Complaint.

60. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 60 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 60 of the Complaint.

61. The response to Paragraph 61 does not require an admission or denial. Defendant asserts that an ex parte order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust is unnecessary.

62. Defendant denies generally and specifically each and every allegation contained in Paragraph 62 of the Complaint.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

63. In response to Paragraph 63 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 62 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

64. Defendant denies generally and specifically each and every allegation contained in Paragraph 64 of the Complaint.

65. Defendant denies generally and specifically each and every allegation contained in Paragraph 65 of the Complaint.

66. Defendant denies generally and specifically each and every allegation contained in Paragraph 66 of the Complaint.

/ / /

/ / /

## SIXTH CAUSE OF ACTION

### (For Conversion Against All Defendants)

67. In response to Paragraph 67 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 66 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

68. Defendant denies generally and specifically each and every allegation contained in Paragraph 68 of the Complaint.

69. Defendant denies generally and specifically each and every allegation contained in Paragraph 69 of the Complaint.

## SEVENTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

70. In response to Paragraph 70 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 69 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

71. In response to Paragraph 71 of the Complaint, Defendant admits that "[a]n actual controversy has arisen and now exists relating to the rights and duties of the parties herein. . .". Defendant denies generally and specifically the remaining allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies generally and specifically each and every allegation contained in Paragraph 72 of the Complaint.

73. The response to Paragraph 73 does not require an admission or denial. Defendant asserts that an ex parte order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust is unnecessary.

///

///

///

# AFFIRMATIVE DEFENSES

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, Defendant alleges that Plaintiff's complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, Defendant alleges that Plaintiff's injuries and damages, if any there were or are, were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than this answering Defendant.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, Defendant alleges that Plaintiff has waived any breach of contract or warranty alleged in its complaint.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, Defendant alleges that Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for unjust enrichment against this answering Defendant.

AS AND FOR AN FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, this answering Defendant alleges that Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for conversion damages against this answering Defendant.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to each and every cause of action set forth in the complaint and the whole thereof, Defendant alleges that Plaintiff is not entitled to the relief requested in the complaint because such relief would work a substantial hardship on the defendant relative to the benefit plaintiff would gain by the relief.

///
///
///
///

ANSWER TO ("PACA") COMPLAINT BY JACK PARSON
*ASA Farms, Inc./Braga Ranch v. Fresh 'N Healthy, Inc., et al.*/Case No. No. C08-00122 JF

# PRAYER

WHEREFORE, Defendant Jack Parson prays judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint on file herein;
2. That Defendant be awarded his costs of suit herein; and
3. For such other and further relief as the court deems just and proper.

Dated: March __, 2008

NOLAND, HAMERLY, ETIENNE & HOSS
A Professional Corporation

By /s/ Terrence R. O'Connor
Terrence R. O'Connor
Attorneys for Defendant JACK PARSON

19662\000\392443.1:31008

11

ANSWER TO ("PACA") COMPLAINT BY JACK PARSON
*ASA Farms, Inc./Braga Ranch v. Fresh 'N Healthy, Inc., et al.*/Case No. No. C08-00122 JF

*ASA Farms, Inc., et al. v. Fresh 'N Healthy, et al.*
Case No. C08-00122 JF

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA   )
                      )
COUNTY OF MONTEREY    )

    I am a citizen of the United States and a resident of Monterey County. I am over the age of 18 years and not a party to the within entitled action; my business address is: 333 Salinas Street, Post Office Box 2510, Salinas, CA 93902-2510.

    On the date below, I served the attached document(s) entitled: **ANSWER TO COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA")**, on the following named person(s) in said action at:

Kelly McCarthy Sutherland, Esq.
Lombardo & Gilles
318 Cayuga Street
Salinas, CA 93901
kelly@lomgil.com
*Attorneys for Plaintiffs ASA Farms and Braga Ranch*

Robert Anthony Franklin, Esq.
Murray & Murray
19400 Stevens Creek Blvd., Ste. 200
Cupertino, CA 95014-2548
rfranklin@murraylaw.com
*Attorneys for Defendant Fresh 'N Healthy*

Effie F. Anastassiou
Anastassious & Associates
242 Capitol Street
P. O. Box 2210
Salinas, CA 93902
effieesq@salinasaglaw.com
*Attorneys for Oceano Packing Company, LLC*

☐   by personal service on the above-named person(s) at the above stated address(es).

☒   by placing said copy(ies) in a sealed envelope(s), postage thereon fully prepaid, and placed for collection and processing for mailing following the business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service at Salinas, California, addressed as stated above.

☐   by overnight delivery on the above named party(ies) in said action, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing, same-day pickup by _____ at the offices of Noland, Hamerly, Etienne & Hoss for overnight delivery, billed to Noland, Hamerly, Etienne & Hoss, and addressed as set forth above.

19226\001\392546.1:31008

| | | |
|---|---|---|
| 1 | ☐ | by causing to be transmitted a true copy thereof to the above-named recipient via the following facsimile transmission telephone number ("Fax"): _____, and no interruption of transmission was reported. |
| 2 3 4 | ☒ | by causing to be transmitted a true copy thereof to the above-named recipient via electronic mail transmission to the electronic addresses shown above for each attorney from my electronic mail address of canossett@nheh.com, and no error message was received. |

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2008, at Salinas, California.


　　　　　　　　　　　　　　　　　/s/   Charlena A. Nossett
　　　　　　　　　　　　　　　　Charlena A. Nossett

NOLAND, HAMERLY, ETIENNE & HOSS
ATTORNEYS AT LAW
SALINAS, CALIFORNIA

19226\001\392546.1:31008