**E-Filed 3/11/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASA FARMS, INC. A California corporation and BRAGA RANCH,<br><br>                Plaintiffs,<br><br>      v.<br><br>FRESH 'N HEALTHY, INC. a Delaware corporation, et. al.,<br><br>                Defendant. | Case Number C 08-122<br><br>ORDER[1] RE: STIPULATION TO MODIFY PRELIMINARY INJUNCTION<br><br>[re: docket no. 23] |

On January 29, 2008, the Court enjoined Fresh 'N Healthy, Inc. ("Fresh") from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of PACA unless it can be shown that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. The parties subsequently filed a stipulation to modify the preliminary injunction which provides as follows:

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 08-122
ORDER RE: STIPULATION TO MODIFY PRELIMINARY INJUNCTION
(JFLC1)

(1) Defendant is hereby authorized to sell, in one or more private sales, its machinery, fixtures, equipment and intellectual property, including labels, packaging and unregistered trade names and trademarks, provide, however, that the proceeds of such sale or sales shall be held in a segregated account at Comerica Bank subject to any and all claims of Plaintiffs, if any, to assert PACA rights thereto.

(2) Except as expressly set forth, nothing herein contained shall waive, alter or modify the rights of the parties under the Order, and the segregated proceeds shall be subject to Plaintiffs' PACA rights, if any, to the same extent and with the same validity and priority as such rights attached to the machinery, fixtures, equipment and intellectual property itself.

Oceano Packing Company ("Oceano") has filed a motion seeking to intervene and opposing the stipulation.[2] Fresh argues that Oceano's interests are fully protected, and it offers to make Oceano a party to the stipulation. Having considered the parties' submissions, the Court will sign the stipulation, subject to the following conditions:

(1) Oceano will be added as a party to this action;

(2) the parties shall appear on Friday, March 14, 2008 at 9:30 AM to argue Oceano's opposition to disposition of sale proceeds authorized by the stipulation;

(3) the proceeds of any sale made prior to Friday, March 14, 2008 may not be distributed prior the hearing or without permission of the Court.

## IV.  ORDER

Good cause therefor appearing, IT IS SO ORDERED.

---

[2] Without citing any legal authority, Oceano objects on four grounds: (1) there is no evidence in the stipulation to meet Fresh's burden of proving that the assets are not derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products; (2) there is no evidence the prices at which the assets are to be sold represent fair or equitable value for the assets; (3) Ashman Company (the proposed purchaser of many of the assets) is an auctioneer not an agricultural company and therefore unlikely to use the assets, therefore, it is likely that the purpose of the sale is to find a way to resell the assets to Fresh; and (4) there is no provision in the stipulation requiring that the creditors, including PACA an non-PACA creditors be given notice of an intended sale of assets.

2

Case No. C 08-122
ORDER RE: STIPULATION TO MODIFY PRELIMINARY INJUNCTION
(JFLC1)

1 | DATED: March 11, 2008.

_____
JEREMY FOGEL
United States District Judge

Case No. C 08-122
ORDER RE: STIPULATION TO MODIFY PRELIMINARY INJUNCTION
(JFLC1)

1  This Order has been served upon the following persons:

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 08-122
ORDER RE: STIPULATION TO MODIFY PRELIMINARY INJUNCTION
(JFLC1)