1  Effie F. Anastassiou, Esq. (SBN 96279)
   Scott J. Allen (State Bar #178925)
2  Denis Klavdianos, Esq. (SBN 225925)
   ANASTASSIOU & ASSOCIATES
3  242 Capitol Street
   Post Office Box 2210
4  Salinas, California  93902
   Telephone:  (831) 754-2501
5  Facsimile:  (831) 754-0621

6  Attorneys for OCEANO PACKING COMPANY, LLC.

7

8                  IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10 ASA FARMS, INC., a California corporation and )  Case No. C08-00122JF
   BRAGA RANCH                                   )
11                                               )
                                                 )
12                                               )  [PROPOSED] ORDER RE: OCEANO
                Plaintiffs,                      )  PACKING COMPANY, LLC'S
13                                               )  OBJECTIONS TO STIPULATION TO
                                                 )  MODIFY PRELIMINARY
14              v.                                )  INJUNCTION
                                                 )
15                                               )
   FRESH 'N HEALTHY, INC., a Delaware            )
16 corporation, MARK WILLIAMS, an individual;    )
   JACK PARSON, an individual; STEVEN CINELLI,   )
17 an individual; CHAD HAGEN, an individual,     )
   SANTOS MARTINEZ, an individual; DON BEAM,     )  Date:  March 21, 2008
18 an individual; DARRYL NICHOLSON, an           )  Time:  9:00 a.m.
   individual; RICHARD MAY, an individual;       )
19 THOMAS COLOGNA, an individual; PRESTWICK      )
   PARTNERS, LLC, a California limited liability )
20 company; SOLSTICE VENTURE PARTNERS,           )
   LLC, a business entity form unknown; VFINANCE )
21 INVESTMENTS, a business entity form unknown;  )
   FMP VINEYARD, LLC, a New Mexico limited       )
22 liability company;  BUTTONWOOD OPTION,        )
   LLC, a business entity form unknown; DW, LLC, a)
23 business entity form unknown; M SOLAZZO       )
   TRUST 2002; P. SOLAZZO 1998; GIBBONS          )
24 FAMILY TRUST; BIXLER TRUST;                   )
   STEIGERWALD TRUST and CARTER TRUST,           )
25 COMERICA BANK and DOES 2 through 50,          )
   inclusive,                                    )
26                                               )
                Defendants                       )
27                                               )
                                                 )
28 _____)

ASA v. Fresh 'N Healthy, Inc., et al.                    [PROPOSED] ORDER
Case Number: C08-00122JF

| | |
|---|---|
| 1  OCEANO PACKING COMPANY, LLC, a California limited liability company, | ) ) ) |
| 3          Intervening Plaintiff, | ) ) ) |
| 4  v. | ) ) |
| 5  FRESH 'N HEALTHY, INC., a Delaware corporation, MARK WILLIAMS, an individual; JACK PARSON, an individual; STEVEN CINELLI, an individual; CHAD HAGEN, an individual, SANTOS MARTINEZ, an individual; DON BEAM, an individual; DARRYL NICHOLSON, an individual; RICHARD MAY, an individual; THOMAS COLOGNA, an individual; PRESTWICK PARTNERS, LLC, a California limited liability company; SOLSTICE VENTURE PARTNERS, LLC, a California limited liability company; VFINANCE INVESTMENTS, a business entity form unknown; FMP VINEYARD, LLC, a New Mexico limited liability company; BUTTONWOOD OPTION, LLC, a business entity form unknown; DW, LLC, a business entity form unknown; M SOLAZZO TRUST 2002; P. SOLAZZO 1998; GIBBONS FAMILY TRUST; BIXLER TRUST; STEIGERWALD TRUST; CARTER TRUST; and COMERICA BANK, a Texas Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| 16         Defendants. | ) ) |

The Court has considered the OBJECTION TO STIPULATION TO MODIFY PRELIMINARY INJUNCTION (the "Objection") filed by Oceano Packing Company, LLC ("Oceano"), as well as the response to the Objection filed by Fresh 'N Healthy, Inc. ("Fresh") and Oceano's reply. Having considered the evidence and arguments submitted by the parties, the Court hereby makes the following findings of fact and orders as follows:

1. The Stipulation to Modify Preliminary Injunction ("Stipulation")(Docket Number 2), to which Oceano objected, sought authorization from the court to sell certain assets of Fresh. Specifically, the Stipulation requested permission to sell certain Fresh assets as follows:

> To Ashman Company, substantially all of the equipment, including processing equipment, farm equipment, pumps, irrigation pipes, forklifts, trucks, trailers and warehouse and office furnishings located in Gilroy and El Centro, California, and trade names and labels Gourmet Veg-Paq, Reda Verde, Ruby Ridge Farms, Truly Vegetarian, Salad Select, and Tesoro Farms for $525,000; and

       To Ray Nava, substantially all of the equipment and vehicles located at Gilroy Machine, for $60,000.

The Stipulation is attached hereto as Exhibit A. The assets sought to be sold by the Stipulation are hereafter referred to as the "Assets." The Court approved the stipulation permitting the sale of the Assets to go forward, but did not determine that the sale was lawful or conducted in a commercially reasonable manner.

      2. The Court finds that the Assets are presumed to be subject to the statutory trust provision of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). Fresh has the burden of proving that the Assets are not subject to the PACA statutory trust; however, it has submitted no evidence showing that the Assets are not subject to the statutory trust. See Tony Vitrano Co. V. National Produce Co., Inc., 815 F. Supp. 23, 25 (D.C. 1993)(burden of proving that disputed assets are not subject to PACA trust lies with purchaser of agricultural commodities).

      3. Defendant Fresh, its agents, officers, directors, subsidiaries, assigns, banking institutions, and any and all other persons in active concert with them who receive notice of this order are hereby restrained and enjoined from dissipating, paying, transferring, assigning or selling any of the Assets. All other persons or entities that purchased, or agreed to purchase, any of the Assets who receive notice of this order are also hereby restrained and enjoined from dissipating, paying, transferring, assigning or selling any of said Assets. Further, Fresh shall retain possession of any Assets which have not heretofore been transferred, pending further order of this Court.

      4. All funds received from the sale or transfer of any of the Assets shall be held by Fresh or its banking institution in a segregated, interest bearing bank account, and said funds shall not be dissipated, paid, transferred, or assigned in any manner without further order of Court.

      5. Defendant Fresh, its agents, officers, directors, subsidiaries, assigns, banking institutions, and any and all other persons in active concert with them, are hereby ordered to provide to all other parties to this action, the following information, within five (5) days of the date of entry of this order: the names, addresses, and telephone numbers of all persons who purchased, or agreed to purchase, any of the Assets, during any auction held on March 11, 2008, or as a result of any other action taken to sell the Assets, and to provide all other parties to this action with a list of each Asset sold, the price paid (or agreed to be paid)

for each Asset, and the name of the purchaser of each Asset.

6. Defendant Fresh is hereby further ordered to provide all of the persons who purchased, or agreed to purchase, any of the Assets notice of this order in the form attached hereto as Exhibit B, within five (5) days of the date of entry of this order.

7. In order for the parties to have sufficient information for the Court to issue further rulings on this matter, Defendant Fresh is further ordered to provide to all parties to this action, within twenty (20) days of the date of entry of this Order, the following information: (i) a complete accounting of the amount and source of funds used to pay (a) its financial advisers, Russell Burbank and the accounting firm Burr, Pilger and Mayer; and (b) its attorneys from the law firm of Murray & Murray; (ii) a complete accounting of all monies paid by Fresh to Defendant Comerica Bank, from the date of formation of Fresh to the present date, including the source of funds used to pay Defendant Comerica Bank; (iii) a complete accounting of all monies currently held by Fresh in its bank accounts, including, without limitation, all monies collected by Fresh from the sale of perishable commodities; (iv) a list of current accounts receivable owed to Fresh from the sale of perishable agricultural commodities; (v) a list of assets previously owned by Fresh which were transferred or sold by Fresh prior to March 11, 2008, and the identification of the names, addresses and telephone numbers of all persons to whom the assets were sold or transferred, and the price paid (or agreed to be paid) by each third party for the asset transferred; and (vi) a list of the current assets owned by Fresh which have not been previously transferred or sold, together with the current value of the asset listed on the books and records of Fresh.

**IT IS SO ORDERED.**

Dated: _____    _____
                                   Jeremy Fogel, District Judge

F:\OCA\Fresh 'N Healthy\Pleadings\Objection to Stipulation re Prelim Injunction\Proposed Order on Pld.wpd