Marion I. Quesenbery, Cal. SBN 072308
Bart M. Botta, Cal SBN 167051
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA  94620
Telephone:  (510) 705-8894
Facsimile:  (510) 705-8737
E-mail:  marion@rjlaw.com

Attorneys for Plaintiff
DOBLER & SONS, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASA FARMS, INC., a California corporation and BRAGA RANCH,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH 'N HEALTHY, INC., et al.,<br><br>Defendants. | **CASE NO.  C 08-00122 JF**<br><br>**NOTICE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND ASSIGNED TO JUDGE FOGEL** |
| OCEANO PACKING COMPANY, LLC, a California limited liability company,<br><br>Intervening Plaintiff,<br><br>v.<br><br>FRESH 'N HEALTHY, et al.,<br><br>Defendants. | |

    Dobler & Sons, LLC ("Dobler") respectfully gives notice to the parties and to the court in the above referenced action that it filed an Administrative Motion in Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al., Case No. C 08-00113 RS, requesting the court to consider (1) whether the above referenced action should be related to Dobler & Sons, LLC v. Fresh 'N

Notice of Administrative Motion
Case No. C 08-00122 JF – Page 1

1  <u>Healthy, Inc., et al.</u>, Case No. C 08-00113 RS, and (2) whether the Dobler & Sons' action should

2  be reassign to Judge Jeremy Fogel and consolidated with the above referenced action for all

3  purposes.

4      Attached as Exhibit A is a copy of the Motion and the Proposed Order.

5  Date: March 19, 2008            RYNN & JANOWSKY, LLP

7              By:     /s/ Marion I. Quesenbery
                      MARION I. QUESENBERY
                      Attorneys for Plaintiff

8                        DOBLER & SONS, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT A

Notice of Administrative Motion
Case No. C 08-00122 JF – Page 3

Marion I. Quesenbery, Cal. SBN 072308
Bart M. Botta, Cal SBN 167051
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone: (510) 705-8894
Facsimile: (510) 705-8737
E-mail: marion@rjlaw.com

Attorneys for Plaintiff
DOBLER & SONS, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOBLER & SONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FRESH 'N HEALTHY, INC., a Delaware Corporation; MARK WILLIAMS, an individual; JACK PARSON, an individual; MARK MCCORMICK, an individual; STEVEN CINELLI, an individual; and PRESTWICK PARTNERS, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. C 08-00113 RS<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND ASSIGNED TO JUDGE FOGEL** |

      Plaintiff Dobler & Sons, LLC ("Dobler") respectfully requests that the Court (1) find that this action is related to <u>ASA Farms, Inc., et al., v. Fresh 'N Healthy, Inc., et al.</u>, Case No. C 08-00122 JF PVT ("ASA Farms"), (2) reassign it to Judge Jeremy Fogel, and (3) consolidate it for all purposes with the ASA Farms' action.

      Both cases involve substantially the same parties, the same property, and the same legal issues, and they should be consolidated to avoid unnecessary duplication of efforts and to insure

Administrative Motion To Consider Whether Cases Should Be Related And Assigned To
Judge Fogel, Case No. C 08-00113 RS – Page 1

1  that the assets at issue are distributed on a pro-rata basis, as required by the Perishable
2  Agricultural Commodities Act ("PACA") trust provisions, 7 U.S.C. § 499(e).

3  Specifically, all plaintiffs allege that they were not paid by Defendant Fresh 'N Healthy,
4  Inc. for produce that they supplied to it. Dobler is owed in excess of $325,000 for the fresh
5  vegetables that it delivered to Fresh 'N Healthy. All Plaintiffs further claim that they are the
6  beneficiaries of the PACA trust, which gives them first priority to Fresh 'N Healthy's assets.
7  See, Middle Mt. Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1224 (9th
8  Cir. 2002) ("The trust automatically arises in favor of a perishable agricultural commodities
9  seller upon delivery of perishable agricultural commodities and is for the benefit of all unpaid
10 suppliers or sellers involved in the transaction until full payment of the sums owing in
11 connection with the transaction have been received."); Idahoan Fresh v. Advantage Produce, 157
12 F.3d 197, 209 (3d Cir. 1998)("Congress established the PACA trust to protect unpaid sellers
13 against buyers' failure to make prompt payment and their subordination of the sellers' claim to
14 secured creditors.").

15 Indeed, Fresh 'N Healthy's produce related assets (e.g., accounts receivable) – and any
16 other assets that were maintained or purchased with produce related assets – must be distributed
17 on a *pro-rata* basis to *all* properly perfected PACA trust creditors of Fresh 'N Healthy – not just
18 to ASA Farms, Braga Ranch, and Oceano Packing Company, LLC. C&E Enter., Inc. v. Milton
19 Poulos, Inc. (In Re Milton Poulos), 107 B.R. 715 (B.A.P. 9th Cir. 1989), aff'd. in relevant part,
20 947 F.2d 1351 (9th Cir. 1991)(PACA trust funds must be distributed pro-rata to all properly
21 perfected PACA trust beneficiaries); J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.,
22 98 B.R. 47, 51 (Bankr. N.D. Fla. 1989)("Where the trust assets are not sufficient to pay all
23 PACA claims, the trust assets should be distributed on a pro rata basis to all beneficiaries who
24 have protected their rights to the trust benefits."); Idahoan Fresh v. Advantage Produce, 157 F.3d

at 205 (all properly perfected PACA trust creditors are "entitled to share in a pro-rata distribution of the statutory trust res until they receive payment in full.").

As the court noted in <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154, 159 (11th Cir. 1990):

> "<u>Segregation of only part of the trust solely to accommodate a beneficiary's singular interest is inappropriate because the statutory trust exists for the benefit of all unpaid produce suppliers</u>. *See* 7 U.S.C.A. § 499e(c)(2) (West Supp. 1990). Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets. It should then require the PACA debtor to separate and maintain these produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim. 7 U.S.C.A. § 499e(c)(3). <u>Each beneficiary would then be entitled to its pro rata share</u>."

In short, unless all actions against Fresh 'N Healthy are considered related and are consolidated, there is a real risk that Fresh 'N Healthy's assets – which may not to be adequate to pay all of the PACA trust claims in full – will be paid to the three Plaintiffs involved in the ASA Farms' proceedings ahead of Dobler, rather than on a pro-rata basis, as required by PACA.

Moreover, unless the Dobler litigation is consolidated with the ASA Farms' action, Dobler will have no alternative except to seek an injunction similar to the one that Judge Fogel recently issued preventing, among other things, Defendant Fresh 'N Healthy from selling or transferring "any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of the court." Otherwise, there will only be three PACA trust claims informing Judge Fogel's decision – ASA Farms and Braga Ranch's and the newly intervening Plaintiff Oceano Packing Company, LLC's – and determining which assets may be sold or transferred.

In addition, Judge Fogel has set for hearing on Friday, March 21, 2008, the parties' (to the ASA litigation) request to modify the injunction to permit the sale of Fresh 'N Healthy's assets. Of course, since Dobler is not a party to the ASA action, Judge Fogel may not take into

1  account its $325,000 PACA trust claim when considering whether to allow a sale, whether the
2  funds from the sale should be segregated (pending determination of the PACA trust claims), and
3  the sum that should be segregated (given the claims before him).  Consequently, if the Dobler
4  litigation is not consolidated with ASA Farms, Dobler will have no alternative except to seek a
5  similar injunction preventing the sale and/or transfer of Fresh 'N Healthy's assets.
6      Given Judge Fogel's familiarity with the issues and the facts and his actions to date, and
7  considering that a party may respectfully decline to have the matter heard by a Magistrate Judge,
8  it makes sense to reassign the Dobler action to Judge Fogel and to consolidate it for all purposes
9  with the ASA Farms' case.
10 Date:  March 19, 2008				RYNN & JANOWSKY, LLP
11
12 					By:	/s/ Marion I. Quesenbery
						MARION I. QUESENBERY
						Attorneys for Plaintiff
13						DOBLER & SONS, LLC

Marion I. Quesenbery, Cal. SBN 072308
Bart M. Botta, Cal SBN 167051
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA  94620
Telephone:  (510) 705-8894
Facsimile:  (510) 705-8737
E-mail:  marion@rjlaw.com

Attorneys for Plaintiff
DOBLER & SONS, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOBLER & SONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FRESH 'N HEALTHY, INC., a Delaware Corporation; MARK WILLIAMS, an individual; JACK PARSON, an individual; MARK MCCORMICK, an individual; STEVEN CINELLI, an individual; and PRESTWICK PARTNERS, LLC, a California limited liability company,<br><br>Defendants. | **CASE NO.  C 08-00113 RS**<br><br>**[PROPOSED] ORDER RE: ADMINISTRATIVE MOTION** |

Upon consideration of Plaintiff Dobler & Sons, LLC's Administrative Motion To Consider Whether Cases Should Be Related And Assigned To Judge Fogel, and good cause appearing for approval of the Motion, it is:

IT IS ORDERED that this action and <u>ASA Farms, Inc., et al., v. Fresh 'N Healthy, Inc., et al.</u>, Case No. C 08-00122 JF PVT are related.

Proposed Order
Case No. C 08-00113 RS – Page 1

1     IT IS FURTHER ORDERED that this action is reassigned to Judge Jeremy Fogel, and it

2 is consolidated for all purposes with <u>ASA Farms, Inc., et al., v. Fresh 'N Healthy, Inc., et al.</u>,

3 Case No. C 08-00122 JF PVT.

4 Date: March ___, 2008

                                             United States Magistrate Judge
5                                              RICHARD SEEBORG

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24